1 | Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
2 | David A. Urban, Bar No. 159633
durban@lcwlegal.com
3 | Chelsea M. Desmond, Bar No. 320713
cdesmond@lcwlegal.com
4 | LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5 | 6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
6 | Telephone:  310.981.2000
Facsimile:   310.337.0837
7
8 | Attorneys for Defendant CHRISTOPHER W. HINE,
General Counsel of the Kern Community College District,
in his individual and official capacities; THOMAS J.
9 | BURKE, Chancellor of the Kern Community College
District, in his individual and official capacities
10

*Liebert Cassidy Whitmore*
*A Professional Law Corporation*
*6033 West Century Boulevard, 5th Floor*
*Los Angeles, California 90045*

11

## UNITED STATES DISTRICT COURT

12

## EASTERN DISTRICT OF CALIFORNIA - FRESNO

13

| | |
|---|---|
| MATTHEW GARRETT, PH.D., an individual; and PROFESSOR ERIN MILLER, an individual, | Case No.: 1:21-cv-00845-DAD-JLT |
| | Complaint Filed: May 25, 2021 |
| Plaintiffs, | **DEFENDANTS' NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE, CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES; AND REQUEST FOR ATTORNEYS' FEES** |
| v. | |
| CHRISTOPHER W. HINE, General Counsel of the Kern Community College District, in his individual and official capacities; THOMAS J. BURKE, Chancellor of the Kern Community College District, in his individual and official capacities; and DOES 1 through 50, inclusive, | |
| | Date:        September 21, 2021 |
| | Time:        9:30 a.m. |
| | Courtroom:  J |
| Defendants. | *[Filed concurrently with Declaration of Christopher W. Hine]* |

DEFENDANTS' NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFFS'
COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE

9712387.11 KE020-096

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 21, 2021, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 5 of the above-entitled Court, located at 2500 Tulare Street in Fresno, California, Defendants Christopher Hine ("Hine") and Thomas Burke ("Burke") ("Defendants") will move this Court pursuant to Code of Civil Procedure section 425.16 to strike Plaintiffs Matthew Garrett and Erin Miller's second cause of action for breach of contract, third cause of action for breach of implied covenant of good faith and fair dealing, fourth cause of action for negligence, and fifth cause of action for intentional infliction of emotional distress.

Defendants' motion is made on the grounds that: (1) the claims for relief set forth in the Complaint arise from protected activity under the anti-SLAPP statute, Cal. Civ. Proc. Code, § 425.16(e)(1)-(4); and (2) Plaintiffs cannot establish a probability of prevailing on any of the claims for relief at issue by this Motion. *Id.*, § 425.16(b)(1In addition, pursuant to Code of Civil Procedure section 425.16(c), Defendants request that this Court award them attorneys' fees and costs for the litigation of this Motion.

This Motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the accompanying declaration of Christopher Hine, all pleadings, papers, and records on file herein, and any such further matters or evidence that may be presented at or before the hearing. [1]

---

[1] Anti-SLAPP motions are considered exempt from meet-and-confer requirements. *Trinity Risk Mgmt., LLC v. Simplified Lab. Staffing Sols., Inc.*, 59 Cal.App.5th 995, 1008 (2021) ("[S]ection 425.16 does not require that the parties meet and confer before filing an Anti-SLAPP motion."). Indeed, if a defendant must meet-and-confer prior to filing an Anti-SLAPP motion, this undermines and contravenes the public policy behind section 425.16 by allowing a plaintiff to file a SLAPP and then attempt to avoid the consequences by immediately withdrawing offending claims when confronted with a meet-and-confer request and a potential section 425.16 motion.

9712387.11 KE020-096

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1    Dated:  August 12, 2021                    LIEBERT CASSIDY WHITMORE

2

3                                       By:        */s/ David A. Urban*

4                                                  Jesse J. Maddox
                                                   David A. Urban
5                                                  Chelsea M. Desmond
                                                   Attorneys for Defendant
6                                                  CHRISTOPHER W. HINE,
                                                   General Counsel of the Kern
7                                                  Community College District, in
                                                   his individual and official
8                                                  capacities; THOMAS J. BURKE,
                                                   Chancellor of the Kern
9                                                  Community College District, in
                                                   his individual and official
10                                                 capacities

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEFENDANTS' OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE
PLAINTIFFS' COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE

9712387.11 KE020-096

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................. 9

II. FACTUAL BACKGROUND ............................................................... 10

III. LEGAL ARGUMENT ........................................................................ 13

    A. FEDERAL COURT PERMITS ANTI-SLAPP MOTIONS
       BROUGHT PURSUANT TO STATE LAW ................................... 13

    B. THE LEGAL FRAMEWORK OF THE ANTI-SLAPP
       STATUTE ........................................................................................ 13

        1. Anti-SLAPP Statute Protects Rights to Free Speech
           on Public Issues ................................................................. 13

        2. In the First Step, the Anti-SLAPP Protection is
           Broadly Construed ............................................................ 14

        3. In the Second Step, a Failure of Proof Can Preclude
           a Plaintiff from Showing a "Probability" of
           Prevailing .......................................................................... 15

    C. THE ANTI-SLAPP STATUTE PROTECTS
       DEFENDANTS' STATEMENTS AND CONDUCT,
       WHICH WERE MADE PURSUANT TO AN OFFICIAL
       PROCEEDING AUTHORIZED BY LAW ................................. 16

    D. PLAINTIFFS CANNOT SHOW A "PROBABILITY"
       OF PREVAILING ON THEIR STATE LAW CLAIMS ................. 18

        1. Defendants Cannot be Sued in Their Personal or
           Individual Capacity for Their Conduct During
           Personnel Actions ............................................................. 19

        2. Defendants are Immune from Plaintiffs' Claims ............. 20

           a. Defendants are Immune from Plaintiffs'
               Claims Pursuant to Government Code
               Section 821.6 .......................................................... 20

           b. Defendants are Immune pursuant to
               California Government Code section 820.2 ................. 22

        3. Plaintiffs' Breach of Contract and Implied
           Covenant of Good Faith and Fair Dealing Claims
           Are Barred for Failure to Exhaust Collective
           Bargaining Agreement Remedies ..................................... 23

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

DEFENDANTS' NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFFS'
COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE

9712387.11 KE020-096

a.   Plaintiffs Cannot Establish a Probability of Prevailing on Their Breach of Contract Claim .................................................................. 24

b.   Plaintiffs Cannot Establish a Probability of Prevailing on Their Breach of Implied Covenant of Good Faith and Fair Dealing Claim .................................................................. 25

4.   Plaintiffs Cannot Establish a Probability of Prevailing on Their Negligence Claim .................................... 26

5.   Plaintiffs Cannot Establish a Probability of Prevailing on Their Intentional Infliction of Emotional Distress Claim .......................................... 27

a.   Plaintiffs Must Pursue Their Intentional Infliction of Emotional Distress Claim with a Workers' Compensation Claim ....................................... 27

b.   Plaintiffs Cannot Establish the Requisite Elements for Their Intentional Infliction of Emotional Distress Claim ................................................. 28

IV.   REQUEST FOR ATTORNEY'S FEES ......................................................... 30

V.   CONCLUSION ............................................................................................ 30

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

NOTICE OF DEFENDANTS' OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE
PLAINTIFFS' COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE

9712387.11 KE020-096

# **Table of Authorities**

**Page(s)**

## **Cases**

*Agarwal v. Johnson*
   25 Cal. 3d 932 (1979) ............................................................................................... 29

*Ankeny v. Lockheed Missiles & Space Co.*
   88 Cal. App. 3d 531 (1979) ....................................................................................... 27

*Bonni v. St. Joseph Health Sys.*
   2021 WL 3201090 (Cal. July 29, 2021) ..................................................................... 15

*Charles J. Rounds Co. v. Joint Council of Teamsters No. 42,*
   4 Cal. 3d 888 (1971) ................................................................................................. 23

*City of Cotati v. Cashman*
   29 Cal.4th 69 (2002) ................................................................................................. 14

*Cochran v. Cochran*
   65 Cal. App. 4th 488 (1998) ....................................................................................... 28

*Cole v. Fair Oaks Fire Prot. Dist.*
   43 Cal. 3d 148 (1987) ................................................................................................. 27

*Cone v. Union Oil Co.*
   129 Cal. App. 2d 558 (1954) ..................................................................................... 23

*Cty. of Los Angeles v. Superior Ct.*
   181 Cal. App. 4th 218 (2009) .............................................................................. 20, 21

*DeJung v. Superior Ct.*
   169 Cal. App. 4th 533 (2008) ..................................................................................... 22

*Duke v. City Coll. of San Francisco*
   2020 WL 512438 (N.D. Cal. 2020) ............................................................................ 19

*Garretson v. Post*
   156 Cal. App. 4th 1508 (2007) ................................................................................... 14

*Gillan v. City of San Marino*
   147 Cal. App. 4th 1033 (2007) ................................................................................... 21

*Hansen v. California Dep't of Corr. & Rehab.*
   171 Cal. App. 4th 1537 (2008) .............................................................................. 9, 14

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.,*
   724 F.3d 1268 (2013) .......................................................................................... 13, 30

*Jeffra v. California State Lottery*
   39 Cal. App. 5th 471 (2019) ....................................................................................... 15

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

DEFENDANTS' NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFFS'
COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE

9712387.11 KE020-096

*Johnson v. State of California*
  69 Cal. 2d 782 (1968) ........................................................................... 22

*Kibler v. N. Inyo Cty. Loc. Hosp. Dist.*,
  39 Cal. 4th 192 (2006) ........................................................................... 9

*Lawrence v. Superior Ct.*
  21 Cal. App. 5th 513 (2018) ........................................................... 20, 21

*Masters v. San Bernardino Cty. Emps. Ret. Assn.*
  32 Cal. App. 4th 30 (1995) ................................................................... 22

*Miller v. City of Los Angeles*
  169 Cal. App. 4th 1373 (2008) ............................................................. 15

*Northon v. Rule*
  637 F.3d 937 (2011) ............................................................................. 13

*Orey v. Superior Ct.*
  213 Cal. App. 4th 1241 (2013) ............................................................. 26

*Pasadena Live v. City of Pasadena*
  114 Cal. App. 4th 1089 (2004) ............................................................. 25

*Posner v. Grunwald–Marx, Inc.*
  56 Cal. 2d 169 (1961) ........................................................................... 23

*Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*
  11 Cal. App. 4th 1026 (1992) ............................................................... 25

*Richman v. Hartley*
  224 Cal. App. 4th 1182 (2014) ............................................................. 24

*Ross v. San Francisco Bay Area Rapid Transit Dist.*
  146 Cal. App. 4th 1507 (2007) ............................................................. 21

*Rusheen v. Cohen*
  37 Cal. 4th 1048 (2006) ....................................................................... 16

*Service Employees Internat. Union, Local 1000 v. Department of*
  *Personnel Admin.*
  142 Cal. App. 4th 866 (2006) ............................................................... 23

*Sheppard v. Freeman*
  67 Cal. App. 4th 339 (1998) ................................................................. 19

*Thomas v. Fry's Elecs., Inc.*,
  400 F.3d 1206 (2005) ............................................................................. 9

*Trinity Risk Mgmt., LLC v. Simplified Lab. Staffing Sols.*
  *Inc*., 59 Cal.App.5th 995 (2021), ........................................................... 2

*Verceles v. Los Angeles Unified Sch. Dist.*
  63 Cal. App. 5th 776 (2021) ................................................................. 14

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

7

9712387.11 KE020-096

*White v. Ultramar, Inc.*
  21 Cal. 4th 563 (1999) ................................................................................ 29

**<u>Statutes</u>**

Civ. Code section 1550 ................................................................................ 24

Civ. Procedure Code section 425.16 ............................................................. 9

Civ. Procedure Code section 425.16(b)(1). .......................................... passim

Civ. Procedure Code section 425.16(c) ....................................................... 30

Civ. Procedure Code section 425.16(e)(1) ................................................... 14

Civ. Procedure Code section 425.16(e)(2) ................................................... 14

Civil Procedure Code section 425.16(e)(1)-(4) ............................................. 2

Education Code section 87667 .................................................................... 12

Education Code section 87732 .................................................................... 12

Gov. Code section 820.2 ............................................................................. 22

Gov. Code section 821.6 ............................................................................. 20

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

NOTICE OF DEFENDANTS' OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE
PLAINTIFFS' COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE

9712387.11 KE020-096

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

"Code of Civil Procedure section 425.16 sets out a procedure for striking complaints in harassing lawsuits that are commonly known as SLAPP suits (strategic lawsuits against public participation), which are brought to challenge the exercise of constitutionally protected free speech rights." *Kibler v. N. Inyo Cty. Loc. Hosp. Dist.*, 39 Cal. 4th 192, 196 (2006).  Section 425.16 construes such rights broadly, and the anti-SLAPP statute protects defendants' qualifying conduct in "official proceedings," including disciplinary investigations of public employees. *Hansen v. California Dep't of Corr. & Rehab.*, 171 Cal. App. 4th 1537, 1544 (2008).  Anti-SLAPP motions pursuant to Civil Procedure Code section 425.16 are available in federal court to challenge state law claims for relief.  *Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1206-07 (9th Cir. 2005).

This lawsuit constitutes a quintessential SLAPP that section 425.16 was designed to prevent.  Defendants in this case are the General Counsel of Kern Community College District, Christopher Hine ("Hine"), and the District's Chancellor at the time of the events in question, Thomas Burke ("Burke").  The lawsuit contends that Hine's responding to faculty complaints of misconduct by commissioning a third party investigation, and Hine's writing an Administrative Determination as part of the process, constituted unlawful activity in violation of federal and state law.  Plaintiffs allege Burke authorized Hine's conduct.  The lawsuit includes baseless claims that cannot be brought in the employment context against individual managers, including breach of contract, in particular a collective bargaining agreement, and claims such as negligence and intentional infliction of emotional distress that manifestly fail.

In fall of 2019, Bakersfield College History professor Oliver Rosales and

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

DEFENDANTS' NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFFS'
COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE

9712387.11 KE020-096

English professor Andrew Bond ("Rosales and Bond") filed complaints against History professors Matthew Garrett ("Garrett") and Erin Miller ("Miller") (collectively "Plaintiffs"). The complaints alleged that Plaintiffs had defamed them by asserting at an on-campus talk that Rosales and Bond were involved in unauthorized use of grant funds and public money. Hine, as General Counsel, commissioned a third party investigation, which found no misuse of funds and that Plaintiffs had acted improperly in making the accusations. Hine prepared and issued an Administrative Determination, as required by applicable procedures, and made it available to the parties. No discipline was ever imposed against Plaintiffs.

Plaintiffs' Complaint contains six claims: (1) violation of Plaintiffs' first amendment right to freedom of speech through retaliation; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) negligence; (5) intentional infliction of emotional distress; and (6) for a declaratory judgment under 28 U.S.C. § 2201, et seq. Plaintiffs' state law claims (claims two, three, four, and five) are subject to California's anti-SLAPP statute. Because all claims at issue in the Complaint attack protected conduct, the anti-SLAPP statute shifts the burden of proof to Plaintiffs to show a "probability" of prevailing on their state law claims. Cal. Civ. Proc. Code § 425.16(b)(1). Plaintiffs cannot, however, demonstrate a probability of prevailing on their claims for numerous reasons described below. Accordingly, the Court should grant this Motion.

## II.  **FACTUAL BACKGROUND**

Kern Community College District ("District") is a public community college district. (Declaration of Christopher Hine ("Hine Decl."), ¶ 2.) Plaintiffs Garrett and Miller are and at all relevant times were full-time tenured professors in the District's History Department. (*Id.*) They teach at Bakersfield College, which is one of several college campuses within the District. (*Id.*)

On September 12, 2019, Garrett and Miller gave a lecture on the Bakersfield

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

10

College campus, which they called "The Tale of Two Protests: Free Speech and the Intellectual Origins of BC Campus Censorship." (*See* Complaint, ¶ 17; Hine Decl., ¶ 3.) Miller was responsible for the introduction of the lecture, and Garrett was responsible for the remaining portions. (*See* Complaint, ¶ 18.) During this lecture, Garrett and Miller made statements that their fellow Professors, Oliver Rosales and Andrew Bond, were improperly misusing grant funds and college resources to finance social justice platforms. (*See id.*, ¶ 19.) This lecture was recorded and made available to the public. (Hine Decl. ¶ 3.)

On October 11, 2019, the District's Human Resources Department received an administrative complaint by Professor Bond (who had originally sent it to Dean Cornelio Rodriguez). On October 19, 2019, the District's Human Resources Department received an administrative complaint by Professor Rosales. Both complained about the conduct and accusations made during Plaintiffs' September 12, 2019 lecture. (Hine Decl., ¶ 4.)

After receiving these formal administrative complaints, the District began an administrative investigation into the allegations, as described below. (Hine Decl., ¶ 5.) In November of 2019, the District held a mediation in an attempt to resolve the issues between Plaintiffs, and Professors Bond and Rosales. (*See* Complaint, ¶ 24.)

Then, on December 3, 2019, Garrett gave a 30-minute radio interview, during which he supposedly *again* stated that Professors Rosales and Bond were unlawfully using grant funds and college resources to finance social justice platforms. (Hine Decl., ¶ 6.) On January 6, 2020, Professors Rosales and Bond filed addendums to their administrative complaints based on statements Garrett made during the radio interview. (Hine Decl., ¶ 7.)

In August of 2020, Defendant Hine (in his capacity as General Counsel of the District) initiated an investigation to determine whether Plaintiffs' accusations violated District board policy and administrative procedures. (Hine Decl., ¶ 8.) An

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

11

9712387.11 KE020-096

outside investigator, attorney Ren Nosky, conducted a thorough and independent investigation of the matter that included review of relevant documents and interviews of witnesses.  (*Id.*)  The investigator found no wrongdoing by Rosales and Bond, but concluded that Plaintiffs had engaged in misconduct in making the unfounded allegations in the way they had.  (*Id.*)

On October 8, 2020, Hine issued an Administrative Determination on behalf of the District, pursuant to applicable procedures.  (Hine Decl., ¶ 9.)  The Administrative Determination concluded, based on the Mr. Nosky's investigation, that: (1) it was not sustained that Dr. Rosales and Professor Bond misused funds or District resources; and (2) Dr. Garrett and Professor Miller "engaged in unprofessional conduct, as defined in Section A.3 of Article Four of the CCA collective bargaining agreement, in their statements and allegations regarding misuse and misappropriation of grant funds by Dr. Rosales and Professor Bond." (*Id.*, ¶ 9, Exhibit A, October 8, 2020 Administrative Determination, pp. 3-4.)  Based on these findings, the Determination recommended that the publicly posted recordings of the September 12, 2019 lecture be removed.  (*Id.*, ¶ 9)

The Determination stated that the District "will investigate any further complaints of policy and procedure violations and, if applicable, will take appropriate remedial action, including but not limited to any discipline determined to be appropriate." (Hine Decl., ¶ 9, Exhibit A, p. 5.)  The Determination further stated that the District could, on the basis of the Determination, invoke California Education Code sections 87667 and 87732, which allow discipline for unprofessional conduct.  (*Id.*, p. 4)

Plaintiffs' lawsuit is based on the written Administrative Determination issued in connection with the District's official personnel proceedings.  As Plaintiffs allege, each of the causes of action "relat[e] to the investigation and discipline, and threat of further discipline." (See, Complaint, ¶ 50.)  Notably,

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

NOTICE OF DEFENDANTS' OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE
PLAINTIFFS' COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE

9712387.11 KE020-096

Plaintiffs' state law claims rest on the important fact that the Defendants' allegedly unlawful conduct was issuing the written Administrative Determination, which is part of an official investigation into a personnel complaint. Such fact makes Defendants' alleged conduct at issue protected activity and subject to anti-SLAPP protections.

## III.   LEGAL ARGUMENT

### A.   FEDERAL COURT PERMITS ANTI-SLAPP MOTIONS BROUGHT PURSUANT TO STATE LAW

Ninth Circuit courts consistently hold that "California anti-SLAPP motions to strike and entitlement to fees and costs are available to litigants proceeding in federal court, and that these provisions do not conflict with the Federal Rules of Civil Procedure." *Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1206-07 (9th Cir. 2005); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 724 F.3d 1268, 1272 (9th Cir. 2013) ("[T]he anti-SLAPP statute is available in federal court."); *Northon v. Rule*, 637 F.3d 937, 938-39 (9th Cir. 2011) (holding that Oregon's anti-SLAPP statute, which was modeled after California's anti-SLAPP statute, applies in federal court, including its provisions for the recovery of attorney's fees and costs).

### B.   THE LEGAL FRAMEWORK OF THE ANTI-SLAPP STATUTE

#### 1.   Anti-SLAPP Statute Protects Rights to Free Speech on Public Issues

California law provides for early dismissal of strategic lawsuits against public participation ("SLAPP" cases). Cal. Civ. Proc. Code § 425.16(b)(1).  As the California Supreme Court has summarized:

> [S]ection 425.16 requires that a court engage in a two-step process when determining whether a defendant's anti-SLAPP motion should be granted.  First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity.  Cal. Code Civ. Proc., § 425.16, subd. (b)(1).  If the court finds such a showing has been made, it then must consider

13

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

whether the plaintiff has demonstrated a probability of prevailing on the claim.

*City of Cotati v. Cashman*, 29 Cal. 4th 69, 76 (2002).

**2.      In the First Step, the Anti-SLAPP Protection is Broadly Construed**

The anti-SLAPP protection applies to "any written or oral statement or writing made before . . . any . . . official proceeding authorized by law" and "any written or oral statement or writing made in connection with an issue under consideration or review by . . . any . . . official proceeding authorized by law."  Cal. Civ. Proc. Code, § 425.16(e)(1), (2).

An investigation of a public employee's conduct is an "official proceeding." *Hansen v. California Dep't of Corr. & Rehab.*, 171 Cal. App. 4th 1537, 1544 (2008) ("[T]he internal investigation itself was an official proceeding authorized by law.").  "If the alleged protected activity occurs in the context of . . . [an] official proceeding . . .  there is no additional requirement that it be connected with an issue of public importance."  *Garretson v. Post*, 156 Cal. App. 4th 1508, 1515 (2007).

Coverage under section 425.16 exists if the plaintiff's allegations rest on "a written or oral statement made in connection with the proceeding." *Verceles v. Los Angeles Unified Sch. Dist.*, 63 Cal. App. 5th 776, 787 (2021) (analyzing whether a teacher's allegations of disparate impact met the standard for coverage under the anti-SLAPP statute).  In fact, California case law provides that if a plaintiff contends that the "official proceeding" of a personnel investigation itself was instituted for an improper purpose, then the public employer can, based on this alone, have the protection of the anti-SLAPP statute.  *Jeffra v. California State*

9712387.11 KE020-096

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

*Lottery*, 39 Cal. App. 5th 471, 482-83 (2019).[2]  Protected conduct includes reports and determinations made as part of an investigation.  *See Miller v. City of Los Angeles*, 169 Cal. App. 4th 1373, 1383 (2008) ("Here, the thrust of Miller's defamation and intentional inflection of emotional distress claims is the City's investigation into Miller's conduct in connection with his public employment and its determination and report that he had engaged in misconduct on the job constituting a conflict of interest as well as theft of City property.  On this record, the first prong of section 425.16 is satisfied.").  Indeed, the California Supreme Court's recent decision in *Bonni v. St. Joseph Health Sys.*, 2021 WL 3201090,*8-13 (Cal. July 29, 2021), addressing anti-SLAPP coverage for employment-related claims based on a hospital peer review proceeding, supports the foregoing analysis.  The Court held that there was coverage for various reports and statements made in the course of the proceedings.  *Id., *9.*

### 3.   In the Second Step, a Failure of Proof Can Preclude a Plaintiff from Showing a "Probability" of Prevailing

If the Court agrees that Plaintiffs' allegations fall within Section 425.16's protection, then the Court must dismiss the claims at issue unless Plaintiffs can show through evidence that they have a "probability" of prevailing.  Cal. Civ. Proc.

---

[2] The *Verceles* Court takes the position that *Jeffra* goes too far in finding coverage in that type of case, without the plaintiff there having identified any "written or oral statement" made in connection with the official proceeding.  *Jeffra*, however, remains good law in California, and in any event, Defendants do not need to rely on it to show anti-SLAPP coverage here given the specific statements in the investigation proceedings on which the complaint here relies. (The new California Supreme Court decision *Bonni v. St. Joseph Health Sys.*, 2021 WL 3201090 (Cal. July 29, 2021), described later in this section, does not mention *Verceles* or *Jeffra* but does support that if a plaintiff alleges that a defendant's decision to institute a protected proceedings itself caused harm, then this allegation targets conduct protected by the anti-SLAPP law.  *Id.*, *9 ("And the same [i.e., the existence of coverage] necessarily follows for Bonni's allegation that defendants injured him by subjecting him to a 'lengthy and humiliating peer review process,' a general allegation that rests in part on these statements and more — essentially everything any defendant said in the course of the peer review process in support of limiting Bonni's privileges.").

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

15

9712387.11 KE020-096

1  Code § 425.16(b)(1).  To show this "probability," a plaintiff must show the

2  complaint is legally sufficient and "supported by a sufficient prima facie showing

3  of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is

4  credited."  *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056 (2006).

5  **C.    THE ANTI-SLAPP STATUTE PROTECTS DEFENDANTS'**

6  **STATEMENTS AND CONDUCT, WHICH WERE MADE**

7  **PURSUANT TO AN OFFICIAL PROCEEDING AUTHORIZED**

8  **BY LAW**

9       Plaintiffs' Complaint seeks to hold Hine and Burke liable for "written or oral

10  statements" made in connection with investigation into Plaintiffs' misconduct.  The

11  Complaint alleges that "[b]y subjecting Plaintiffs . . . to an *investigation*, and

12  *Administrative Determination containing demonstrably and pretexual false*

13  *statements and findings*, disciplinary action, and *threat* of disciplinary action, . . .

14  Defendants . . . retaliated against Plaintiffs . . . ."  (Complaint, ¶ 56 [emphasis

15  added].)[3]  Each state law claim challenged by this Motion incorporates and rests on

16  this allegation.  (*Id.*, ¶ 61 (breach of contract), ¶¶ 63, 66 (breach of implied

17  covenant of good faith and fair dealing), ¶¶ 68, 71 (negligence), ¶¶ 73, 75

18  (intentional infliction of emotional distress).)

19       The Complaint's prayer for relief confirms that Plaintiffs' claims turn on

20  written statements made as part of the investigation proceeding.  The injunctive

21  relief demanded does not seek to prohibit further alleged retaliation, or rescind any

22  discipline, but instead demands only removal, rescission of, or withdrawal of what

23  are tantamount to "statements," i.e., investigation-related records.  The prayer for

24  relief demands a "permanent injunction requiring Defendants to remove from

25

26  ─────────────

[3] The Complaint refers to the Administrative Determination as constituting "discipline," but based on the facts alleged in the Complaint and the Administrative Determination itself, the document does not constitute actual discipline.  Indeed, the document expressly states that the matter is being referred to the President of the College to decide on discipline.  (Complaint, ¶ 32; Hine Decl., Exhibit A, p.5.)

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

16

9712387.11 KE020-096

Plaintiffs' employment files and from the records of KCCD and Bakersfield College all records pertaining to the Administrative Determination, require Defendants to rescind their 'recommendation' to remove the unedited video of their September 12, 2019 speech from all District websites, and to withdraw the referral of the Administrative Determination to the President of Bakersfield College for further disciplinary action."  (Complaint, pp. 19-20, ¶ 2.)

The factual contentions of the Complaint target not only the investigation but specific statements made in the course of it.  The Complaint alleges Defendant Hine violated Plaintiffs' rights not just when he "ordered the investigation" at issue but when he *authored and signed* the Administrative Determination disciplining Plaintiffs and warning them of the potential further negative repercussions to their employment with the District . . . ."  (Complaint, ¶ 11 [emphasis added].)  The Complaint alleges Defendant Burke "authorized, acquiesced in, sanctioned, and supported the actions of Defendant Hine."  (*Id.*, ¶ 12.)  When it comes to what specifically Hine did wrong, according to the Complaint, it is all statements Hine made in connection with the investigation.  The Complaint alleges that "Hine issued a KCCD Administrative Determination containing the following statements and findings" and goes on to recite what the investigation revealed factually.  (*Id.*, ¶ 28.)  The Complaint alleges that Hine made a "determination" that misconduct had occurred, "threatened" that the District will investigate further complaints of policy violations, among other things, and recommended that videos of the September 12, 2019 presentation be "removed from all district websites until all inaccurate or misleading allegations have been redacted or deleted."  (*Id.*, ¶¶ 29, 30.)  The Complaint goes on to criticize the written statement because it "never identified what statements of fact in Plaintiff's presentation were inaccurate or misleading . . . ."  (*Id.*)

The Complaint attacks three other particular statements by Hine in the

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

NOTICE OF DEFENDANTS' OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE

9712387.11 KE020-096

Administrative Determination – that it allegedly threatened termination by mentioning particular Education Code sections on discipline (Complaint, ¶ 31), that it stated that the Determination and investigator report would be referred to the President of the College to determine what disciplinary actions and remedial actions are necessary based on the findings (*id.*, ¶ 32), and that it stated that the underlying complaints by Rosales and Bond were "whistleblower complaints" under District policy, and accordingly, there were no appeal rights as to them.  (*Id.*, ¶¶ 33, 34.) Finally, the Complaint further targets the Administrative Determination by debating the factual statements made in it and contending they are not true.  (*Id.*, ¶¶ 35-35.) It alleges "[e]ach of the statements and findings of the Administrative Determination was demonstrably false."  (*Id.*, ¶ 35.)

In light of the foregoing, because the state law claims in the Complaint rest on "written or oral statement[s] or writing[s] made before . . . any . . . official proceeding authorized by law" and "any written or oral statement or writing made in connection with an issue under consideration or review by . . . any . . . official proceeding authorized by law," the first step of the analysis is satisfied here.  Cal. Civ. Proc. Code § 425.16(e)(1), (2).

## D.   PLAINTIFFS CANNOT SHOW A "PROBABILITY" OF PREVAILING ON THEIR STATE LAW CLAIMS

Since Defendants meet their burden of establishing that their challenged activity is protected by the anti-SLAPP statute, Plaintiffs must show through evidence that they have a "probability" of prevailing.  Cal. Civ. Proc. Code § 425.16(b)(1).  Here, Defendants are immune from the liability Plaintiffs seek to enforce and, even if this Court finds that such immunity does not apply, other defenses bar Plaintiffs' causes of action.  Also, Plaintiffs cannot establish every requisite element of their claims.  Accordingly, they cannot carry their burden under the second step of the anti-SLAPP analysis of establishing a probability that

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

9712387.11 KE020-096

they will prevail on any of their state law claims.

### 1. Defendants Cannot be Sued in Their Personal or Individual Capacity for Their Conduct During Personnel Actions

Plaintiffs attempt to hold Defendants liable in their "individual and official capacities" for their conduct during the administrative investigation into the HR complaints filed by Rosales and Bond. Case law clearly establishes, however, that Plaintiffs cannot hold Defendants liable in their personal or individual capacity for conduct relating to personnel actions.

The California Court of Appeal clearly holds that an employee cannot "sue other coemployees individually based on their conduct relating to personnel actions, e.g. termination, demotion, discipline, transfers, compensation setting, work assignments, and/or performance appraisals" unless mandated by statute. *Sheppard v. Freeman*, 67 Cal. App. 4th 339, 343 (1998). "[S]uch actions are barred . . . regardless of their personal motive." *Id*. The court reasoned that:

> Personnel actions are made for the benefit of the enterprise—the employer, and it is the employer, not the individual employees, that must bear the risks and responsibilities attendant to these actions. Naturally, personnel actions are made with the input of employees, both as part of their official duties and otherwise. Without such input, the employer would be making decisions and taking action in a vacuum, and indeed, effective management and operation of an enterprise to a significant extent depends upon the free exchange of information, concerns, and ideas of all employees. This can hardly occur when the individual employees face the prospect of being sued for this conduct.

*Id.* at 346.

This principle applies as well to statements individual managers make in the course of these personnel actions. "[A]n employee or former employee cannot sue individual employees based on their conduct, including acts or words, relating to personnel actions." *Sheppard*, 67 Cal. App. 4th at 347; *Duke v. City Coll. of San Francisco*, 2020 WL 512438, *13 (N.D. Cal. 2020) (holding that a City College Chancellor could not be held liable for negligent and intentional infliction of

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

emotional distress stemming from a personnel action because "all employees, whether or not they are supervisors" cannot be sued "based on their conduct, including acts or words, relating to personnel actions.").

Here, all of Plaintiffs' claims against Defendants are based on the administrative investigations and determinations by Defendants (i.e., by Hine with the supposed authorization of Burke) in relation to the complaints received from Rosales and Bond.  Case law clearly establishes that employees cannot be held individually or personally liable for such administrative and personnel actions, which would include investigations and determinations related to HR complaints received about an employee from another employee.  *Sheppard*, 67 Cal. App. 4th at 347.  Accordingly, Plaintiffs cannot hold Defendants individually or personally liable for their conduct related to the underlying investigation or administrative determination during the course of their employment.

## 2. **Defendants are Immune from Plaintiffs' Claims**

### a. **Defendants are Immune from Plaintiffs' Claims Pursuant to Government Code Section 821.6**

California Government Code section 821.6 states that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."  Cal. Gov. Code § 821.6.  "California courts construe section 821.6 broadly in furtherance of its purpose to protect public employees in the performance of their prosecutorial duties from the threat of harassment through civil suits."  *Cty. of Los Angeles v. Superior Ct.*, 181 Cal. App. 4th 218, 228 (2009).  Although "section 821.6 has primarily been applied to immunize prosecuting attorneys and other similar individuals, this section is not restricted to legally trained personnel but applies to all employees of a public entity."  *Lawrence v. Superior Ct.*, 21 Cal. App. 5th 513, 526 (2018).

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

20

9712387.11 KE020-096

Government Code section 821.6 immunizes public employees "from liability for the actions or omissions of the investigating officers if: (1) the officers were employees of the [entity]; (2) [the plaintiffs'] injuries were caused by acts committed by the officers to institute or prosecute a judicial or administrative proceeding; and (3) the conduct of the officers while instituting or prosecuting the proceeding was within the scope of their employment." *Cty. of Los Angeles*, 181 Cal. App. 4th at 228.

"For purposes of this immunity provision, investigations are deemed to be part of judicial and administrative proceedings." *Lawrence*, 21 Cal. App. 5th at 526. Importantly, "[s]ection 821.6 not only 'immunizes . . . the act of filing or prosecuting a judicial or administrative complaint, but also extends to actions taken in preparation for such formal proceedings,' including '[a]n investigation before the institution of a judicial proceeding' and '[a]cts undertaken in the course of an investigation.'" *Id.* (citing *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1048 (2007); *see also Ross v. San Francisco Bay Area Rapid Transit Dist.*, 146 Cal. App. 4th 1507, 1515-16 (2007) (holding that common law immunity protected public officials from liability for injuries caused when, acting within the scope of their duties, they instituted an administrative proceeding against a person wrongfully and without probable cause).

"Acts taken during an investigation prior to the institution of a judicial proceeding are also protected by section 821.6 because investigations are an essential step toward the institution of formal proceedings." *Cty. of Los Angeles*, 181 Cal. App. 4th at 229.

Here, Plaintiffs' state law claims are based on the administrative investigation, and in particular statements in the Administrative Determination rendered by Defendant Hine as part of that investigation. (Complaint, ¶ 61 (breach of contract), ¶¶ 63, 66 (breach of implied covenant of good faith and fair dealing),

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

NOTICE OF DEFENDANTS' OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE

9712387.11 KE020-096

¶¶ 68, 71 (negligence), ¶¶ 73, 75 (intentional infliction of emotional distress).)  As alleged, all claims attempt to hold Defendants liable for their acts taken during the course of the administrative investigation.  As discussed above, such acts fall squarely in the immunities granted to public entity employees by Government Code section 821.6 and case law applying it.  Accordingly, Defendants are immune from liability and Plaintiffs cannot establish a probability that they will prevail on their tort law claims for this reason.

### b.    Defendants are Immune pursuant to California Government Code section 820.2

Government Code section 820.2 states that "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."  Cal. Gov. Code § 820.2.

"Adjudicatory decisions of administrative tribunals are a classic example of the kind of discretion vested in public officials which is intended to be immunized." *Masters v. San Bernardino Cty. Emps. Ret. Assn.*, 32 Cal. App. 4th 30, 45 (1995).  Government Code section 820.2 applies when a plaintiff's injuries arise from a public employee's exercise of discretion with respect to "basic policy decisions." *Johnson v. State of California*, 69 Cal. 2d 782, 793 (1968).  Suits challenging "personnel action" amount to a challenge to a "basic policy decision" and are therefore subject to the immunity provided by Government code section 820.2. *DeJung v. Superior Ct.*, 169 Cal. App. 4th 533, 544 (2008).

Here, Plaintiffs seek to hold Defendants liable for their actions, directions and statements rendered pursuant to an administrative investigation regarding the complaints filed by Rosales and Bond against Plaintiffs.  Such administrative actions and determinations involve the discretionary "basic policy decisions" Government Code section 820.2 was designed to protect.  As such, Plaintiffs' tort

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

NOTICE OF DEFENDANTS' OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE

9712387.11 KE020-096

1   claims are barred pursuant to Government Code section 820.2 and Plaintiffs cannot

2   establish a probability of prevailing on those claims.

3      **3.      Plaintiffs' Breach of Contract and Implied Covenant of**

4            **Good Faith and Fair Dealing Claims Are Barred for Failure**

5            **to Exhaust Collective Bargaining Agreement Remedies**

6         Plaintiffs' breach of contract and breach of implied covenant causes of action

7   lack merit for the separate and distinct reason that Plaintiffs have not exhausted the

8   mandatory grievance process under the applicable collective bargaining agreement.

9   "It is the general rule that a party to a collective bargaining contract which provides

10   grievance and arbitration machinery for the settlement of disputes within the scope

11   of such contract must exhaust these internal remedies before resorting to the courts

12   in the absence of facts which would excuse him from pursuing such remedies."

13   *Charles J. Rounds Co. v. Joint Council of Teamsters No. 42*, 4 Cal. 3d 888, 894

14   (1971) (*quoting Cone v. Union Oil Co.,* 129 Cal. App. 2d 558, 563-64 (1954)). "As

15   a matter of public policy, contractual arbitration remains a highly favored means of

16   dispute resolution even for public sector collective bargaining units." *Service*

17   *Employees Internat. Union, Local 1000 v. Department of Personnel Admin.*, 142

18   Cal. App. 4th 866, 870 (2006). "Doubts as to whether the arbitration clause applies

19   are to be resolved in favor of coverage." *Posner v. Grunwald–Marx, Inc.,* 56 Cal.

20   2d 169, 180 (1961).

21         Here, both contract-based claims rest on alleged failure to abide by the

22   collective bargaining agreement governing Plaintiffs' employment. (Complaint, ¶¶

23   62-63, 66-68.) That agreement contains a mandatory grievance process, including a

24   requirement that claims be submitted to arbitration. (Hine Decl., ¶ 10, Exhibit B,

25   Collective Bargaining Agreement, Article XVI, pp. 131-35.) Plaintiffs have not

26   exhausted this process, and in fact have not filed any grievance with regard to

27   Defendants' conduct at issue. (*Id.*) Accordingly, these claims are barred for failure

28

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

23

9712387.11 KE020-096

to exhaust collective bargaining agreement remedies.  *Charles J. Rounds Co.*, 4 Cal. 3d at 894.

### a.   Plaintiffs Cannot Establish a Probability of Prevailing on Their Breach of Contract Claim

"To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff."  *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (2014).

The four essential elements of a contract are: "(1) Parties capable of contracting; (2) Their consent; (3) A lawful object; and (4) A sufficient cause or consideration."  Cal. Civ. Code § 1550.  Moreover, "[i]t is essential to the validity of a contract, not only that the parties should exist, but that it should be possible to identify them."  *Id.*, § 1558.

Here, Plaintiffs allege that Defendants Hine and Burke violated the terms of the collective bargaining agreement related to Plaintiffs' right to academic and personal freedom concerning their right to free expression.  (Complaint, ¶¶ 47, 49, 63.)  Hine and Burke, however, are not parties to the collective bargaining agreement between Plaintiffs and Kern Community College District.  (Hine Decl., ¶ 10, Exhibit B, Collective Bargaining Agreement.)

In fact, Plaintiffs allege that their collective bargaining agreement is with Kern Community College District.  (Complaint, ¶ 49.)  Plaintiffs do not allege, because they cannot allege, that Defendants Hine and Burke are parties to their collective bargaining agreement.  For example, Plaintiffs allege: "Plaintiffs enjoy the contractual right to academic and personal freedom pursuant to their collective bargaining agreement ***with KCCD*** and the ***KCCD*** Board Policies and Administrative Policies" (Complaint, page 13:12-14 (emphasis added)); "Plaintiffs' collective bargaining agreement ***with KCCD*** provides . . . " (Complaint, ¶ 49, page

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

24

NOTICE OF DEFENDANTS' OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE
PLAINTIFFS' COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE

9712387.11 KE020-096

14:1-15 (emphasis added)); "[a]t all time referenced herein, Plaintiffs were parties to an employment contract **with KCCD**" (Complaint, ¶ 62, page 16:24-17:2 (emphasis added)).

Given Hine and Burke are not parties to the operative collective bargaining agreement between Plaintiffs' union and Kern Community College District, the collective bargaining agreement is not enforceable against them. They are not obligated to Plaintiffs by the collective bargaining agreement and cannot be held liable by Plaintiffs under the collective bargaining agreement.  As such, Plaintiffs cannot show a probability that they will prevail on their breach of contract claim against Defendants.

> **b.** **Plaintiffs Cannot Establish a Probability of Prevailing on Their Breach of Implied Covenant of Good Faith and Fair Dealing Claim**

Similarly, Plaintiffs allege that Defendants have breached an implied covenant of good faith and fair dealing, and that "Plaintiffs were parties to an employment contract with KCCD wherein KCCD and its officers on one hand and Plaintiffs on the other hand were bound by the terms of their collective bargaining agreement and by the KCCD Board Policies and Administrative Policies." (Complaint, ¶ 66.)

Importantly, "[t]here is no obligation to deal fairly or in good faith absent an existing contract." *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1032 (1992).  In fact, "[t]he implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004) (citing 1 Witkin, Summary of Cal. Law (2003 supp.) Contracts, § 743, p. 449).

As discussed above, Defendants were not parties to the collective bargaining

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

25

NOTICE OF DEFENDANTS' OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE
PLAINTIFFS' COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE

9712387.11 KE020-096

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1  agreement.  (Hine Decl., ¶ 10, Exhibit B, Collective Bargaining Agreement.)  In

2  addition, neither is a party to any particular employment contracts of Plaintiffs with

3  the District – Plaintiffs as public employees hold their employment by statute.  (*Id.*,

4  ¶ 11.)[4]  Thus, there is no contract between Plaintiffs and Hine or Burke.  With no

5  contract, Hine and Burke cannot be liable for breaching an implied covenant of

6  good faith and fair dealings with Plaintiffs.

7       As such, Plaintiffs cannot establish a probability that they will prevail on

8  their breach of implied covenant of good faith and fair dealing claims against the

9  Defendants.

10      **4.    Plaintiffs Cannot Establish a Probability of Prevailing on**

11             **Their Negligence Claim**

12      Plaintiffs cannot establish all requisite elements of a negligence claim.

13  (Complaint, ¶¶ 71-74, page 18:1-12.)  "The elements of negligence are (1) a legal

14  duty to use due care, (2) the breach of such legal duty, and (3) the breach was the

15  proximate or legal cause of injury."  *Orey v. Superior Ct*., 213 Cal. App. 4th 1241,

16  1255 (2013).

17      Here, Plaintiffs cannot establish that Defendants violated a duty of care that

18  they legally owed Plaintiffs.  Plaintiffs allege that Defendants owed them a duty to

19  investigate the complaints received from Rosales and Bond "in accordance with a

20  reasonable standard of care."  (Complaint, ¶ 72.)  Plaintiffs, however, fail to allege

21  and cannot provide authority establishing and/or explaining the duty to "investigate

22  these complaints in accordance with a reasonable standard of care."  Without a

23  legal duty owed to Plaintiffs, Defendants cannot be liable for negligence.

24

---

25  [4] The Complaint also references "KCCD Board Policies and Administrative
   Policies" to support both the breach of contract and breach of the implied covenant
26  of good faith and fair dealing causes of action.  (Complaint, ¶¶ 62, 66.)  Elsewhere,
   the Complaint references Administrative Policy 7D2A on Academic Freedom.  But
27  Plaintiffs are not named as parties to any executive contracts with regard to those
   policies.  (Hine Decl., ¶ 11.)

28

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Furthermore, Plaintiffs' allegations and the evidence proffered establish that Defendants took appropriate steps to investigate the complaints Kern Community College District received from Rosales and Bond.  Among other things, the administration authorized a third party investigation into the allegations in Rosales and Bond's complaints.  (Hine Decl., ¶ 8.)  The fact that Plaintiffs disagree with statements of Hine as part of the investigation process does not give rise to a negligence claim.

As such, Plaintiffs cannot establish a probability of succeeding on their negligence claim because Plaintiffs cannot establish the requisite elements.

**5.**      **Plaintiffs Cannot Establish a Probability of Prevailing on Their Intentional Infliction of Emotional Distress Claim**

**a.**      **Plaintiffs Must Pursue Their Intentional Infliction of Emotional Distress Claim with a Workers' Compensation Claim**

"[W]hen the misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability."  *Cole v. Fair Oaks Fire Prot. Dist*., 43 Cal. 3d 148, 160 (1987) (finding employee's intentional infliction of emotional distress claim against employer barred); *see also Ankeny v. Lockheed Missiles & Space Co*., 88 Cal. App. 3d 531, 533 (1979) (barring an employee's civil action against his employer and fellow employees for intentional infliction of emotional distress).

Here, Plaintiffs allege that Defendants' conduct related to the investigation

9712387.11 KE020-096

1  and Administrative Determination caused Plaintiffs to suffer "mental anguish and

2  severe psychological and emotional distress . . . as well as physical harm" because

3  their conduct during the investigation was "so outrageous, unjustifiable and

4  intolerable."  (Complaint, ¶ 77.)

5      Given such alleged mental and physical damages allegedly occurred during

6  Plaintiffs' employment and as a result of a normal part of the employment

7  relationship (administrative investigations based on personnel complaints received),

8  Plaintiffs' intentional infliction of emotional distress claims are barred because

9  Plaintiffs' exclusive remedies for such claims are under the Workers'

10  Compensation Act.  *See, e.g., Cole*, 43 Cal. 3d at 160.

11      As such, Plaintiffs cannot establish a probability of succeeding on their

12  intentional infliction of emotional distress claim against Defendants.

### b.    Plaintiffs Cannot Establish the Requisite Elements for Their Intentional Infliction of Emotional Distress Claim

16      If the Court finds that Plaintiffs' intentional infliction of emotional distress

17  claims are not barred by the Workers' Compensation Act, Plaintiffs still cannot

18  establish a probability that they will prevail on the intentional infliction of

19  emotional distress claim because they cannot establish all requisite elements.

20  (Complaint ¶¶ 75-78.)

21      "The tort of intentional infliction of emotional distress is comprised of three

22  elements: (1) extreme and outrageous conduct by the defendant with the intention

23  of causing, or reckless disregard of the probability of causing, emotional distress;

24  (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's

25  injuries were actually and proximately caused by the defendant's outrageous

26  conduct."  *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998).  Extreme and

27  outrageous conduct "must be so extreme as to exceed all bounds of that usually

28

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

NOTICE OF DEFENDANTS' OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE
PLAINTIFFS' COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE

9712387.11 KE020-096

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1  tolerated in a civilized community.  Generally, conduct will be found to be

2  actionable where the 'recitation of the facts to an average member of the

3  community would arouse his resentment against the actor, and lead him to exclaim,

4  'Outrageous!'"  *Id.*  "The Restatement view is that liability 'does not extend to mere

5  insults, indignities, threats, annoyances, petty oppressions, or other trivialities. . . .

6  There is no occasion for the law to intervene . . . where some one's feelings are

7  hurt.'"  *Agarwal v. Johnson*, 25 Cal. 3d 932, 946 (1979) (disapproved of on other

8  grounds by *White v. Ultramar, Inc*., 21 Cal. 4th 563 (1999)) (quoting Rest. 2d

9  Torts, § 46 com. d).

10      Notably, standard personnel actions and management decisions, even if

11  discriminatory are not extreme and outrageous conduct sufficient to support a claim

12  for intentional infliction of emotional distress. *Janken v. GM Hughes Elecs*., 46

13  Cal. App. 4th 55, 80 (1996).  In fact, "[m]anaging personnel is not outrageous

14  conduct beyond the bounds of human decency, but rather conduct essential to the

15  welfare and prosperity of society." *Id.*

16      Here, Defendants' alleged "extreme and outrageous conduct" amounts to no

17  more than standard personnel actions and management decisions, as Plaintiffs only

18  allege that Defendants are liable based on the: (1) investigation into the complaints

19  filed by Rosales and Bond; and (2) related finding that Plaintiffs' behavior

20  amounted to unprofessional conduct pursuant to the operative collective bargaining

21  agreement.  The Administrative Determination was not published and was only

22  submitted to the Plaintiffs, the complainants, and the President of Bakersfield

23  College.  (Hine Decl., ¶ 9.)  No discipline was rendered following issuance of the

24  Determination.  (*Id.*)

25      Hine authorized the investigation and rendered the Administrative

26  Determination pursuant to his employment responsibilities for responding to

27  personnel complaints received from District employees.  It follows that some

28

NOTICE OF DEFENDANTS' OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE
PLAINTIFFS' COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE

9712387.11 KE020-096

findings in the Administrative Determination may contain unfavorable language about Plaintiffs and their conduct, but such language does not amount to extreme and outrageous conduct.  "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." *Janken*, 46 Cal. App. 4th at 80.  Thus, case law establishes the Plaintiffs cannot successfully bring an intentional infliction of emotional distress claim simply because they were not happy and do not agree with the outcome of the investigation and related findings, as such investigations and findings are "essential to the welfare and prosperity of society." *Id*.

As such, Plaintiffs cannot establish a probability that they will prevail on the intentional infliction of emotional distress claim because they cannot establish all requisite elements

## IV.   REQUEST FOR ATTORNEY'S FEES

Defendants request that this Court award them attorneys' fees and costs for the litigation of this Motion.  Cal. Code Civ. Proc., § 425.16(c); *Thomas*, 400 F.3d at 1206-07 (holding that "California anti-SLAPP motions to strike and entitlement to fees and costs are available to litigants proceeding in federal court, and that these provisions do not conflict with the Federal Rules of Civil Procedure").

## V.   CONCLUSION

For the foregoing reasons, Defendants request that this Court grant the instant motion.

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

NOTICE OF DEFENDANTS' OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE
PLAINTIFFS' COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE

9712387.11 KE020-096

1

Dated:  August 12, 2021                    LIEBERT CASSIDY WHITMORE

2

3
                                    By:       /s/ David A. Urban
4                                             Jesse J. Maddox
                                              David A. Urban
5                                             Chelsea M. Desmond
                                              Attorneys for Defendant
6                                             CHRISTOPHER W. HINE,
                                              General Counsel of the Kern
7                                             Community College District, in
                                              his individual and official
8                                             capacities; THOMAS J. BURKE,
                                              Chancellor of the Kern
9                                             Community College District, in
                                              his individual and official
10                                            capacities

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

31

9712387.11 KE020-096