1  ARTHUR I. WILLNER, State Bar No. 118480
   awillner@leaderberkon.com
2  LEADER BERKON COLAO & SILVERSTEIN LLP
   550 S. Hope Street, Suite 1850
3  Los Angeles, CA 90071
   Telephone: (213) 234-1750
4  Facsimile:  (213) 234-1747

5  **ATTORNEYS FOR PLAINTIFFS**
   MATTHEW GARRETT, Ph.D. and
6  PROFESSOR ERIN
   MILLER
7

8

9              **UNITED STATES DISTRICT COURT**

10        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12  MATTHEW GARRETT, PH.D., an         | Case No. 1:21-cv-00845-DAD-JLT
    individual, and PROFESSOR ERIN
13  MILLER, an individual,             | **PLAINTIFFS' NOTICE OF**
                                       | **MOTION AND MOTION FOR**
14                                     | **LEAVE TO FILE FIRST**
              Plaintiffs,              | **AMENDED COMPLAINT**
15
                                       | *[File concurrently with Declaration of*
16        vs.                          | *Arthur I. Willner and Exhibits A-C]*

17  CHRISTOPHER W. HINE, General
    Counsel of the Kern Community College
18  District, in his individual and official
    capacities; THOMAS J. BURKE,       | Date:        January 11, 2022
19  Chancellor of the Kern Community    | Time:        9:30 a.m.
    College District, in his individual and | Courtroom:  5
20  official capacities; and DOES 1
    THROUGH 50, inclusive,             | Complaint Filed:  May 25, 2021
21
22
23              Defendants.
24

25

26        PLEASE TAKE NOTICE that on January 11, 2022 at 9:30 a.m., or as soon

27  thereafter as counsel may be heard in Courtroom 5 of the United States District

28  Court, Eastern District of California, located at 2500 Tulare Street, Fresno,

*Leader Berkon Colao & Silverstein LLP*
*Attorneys at Law*

California, Hon. Dale A. Drozd presiding, Plaintiffs Matthew Garrett, Ph.D. and Professor Erin Miller ("Plaintiffs") will move this court pursuant to Federal Rule of Civil Procedure 15(a) for an order seeking leave to file its First Amended Complaint and ordering that the First Amended Complaint submitted with this motion be deemed filed. This motion is made on the following grounds:

1.      Federal Rule of Civil Procedure 15(a)(2) permits a party to amend a pleading with leave of the Court, which "should freely give leave when justice so requires."

2.      Plaintiffs' First Amended Complaint should be allowed because it is in good faith, timely, and causes no prejudice to Defendants.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Arthur I. Willner, Exhibits A - C (including as Exhibit A, Plaintiffs' First Amended Complaint), the [Proposed] Order filed herewith, on all the files and records of this action, any such oral and documentary evidence as may be presented at the hearing of this motion, and on argument of counsel.

DATED: December 14, 2021          LEADER BERKON COLAO & SILVERSTEIN LLP


By: /s/ Arthur I. Willner
Arthur I. Willner, SBN 118480
awillner@leaderberkon.com
Attorneys for Plaintiffs MATTHEW GARRETT, PH.D. and PROFESSOR ERIN MILLER

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................5

II.   STATEMENT OF FACTS AND PROCEDURAL BACKGROUND...............5

III.  ARGUMENT .......................................................................................7

     A. Leave Should Be Granted to Amend the Complaint.......................7

IV. CONCLUSION ....................................................................................9

Plaintiffs' Notice of Motion and Motion for Leave To File First Amended Complaint
Case No. 1:21-cv-00845-DAD-J

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

# TABLE OF AUTHORITIES

Page(s)

## <u>Cases</u>

*DCD Programs, Ltd. v. Leighton*,
   833 F.2d 183 (9th Cir. 1987)..................................................................................7

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003)................................................................................7

*Foman v. Davis*,
   371 U.S. 178, 83 S. Ct. 227 (1962) ........................................................................7

*Verizon Delaware, Inc. v. Covad Communications Co.*,
   377 F.3d 1081 (9th Cir. 2004)................................................................................8

## <u>Statutes</u>

28 U.S.C. § 2201..........................................................................................................5

## <u>Rules</u>

Federal Rule of Civil Procedure 15(a)...........................................................2, 5, 7, 8
Federal Rule of Civil Procedure 15(a)(2) ...................................................................2

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Through this motion, Plaintiffs Matthew Garrett, Ph.D. and Professor Erin Miller seek leave to file their First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a).  Plaintiffs' First Amended Complaint, attached hereto as Exhibit A, amends their original Complaint in the following ways: (1) it drops the state law claims (i.e., the Second through Fifth Causes of Action), (2) it adds two additional individual defendants, Billie Jo Rice and Sony Christian, and (3) it separates their claims for violation of their First Amendment rights through retaliation against Defendants in their individual capacities (the First Cause of Action) and in their official capacities (the Second Cause of Action). The Third Cause of Action for Declaratory Relief pursuant to 28 U.S.C. § 2201, *et seq.* remains the same.  (Declaration of Arthur I. Willner, hereinafter "Willner Decl.," ¶ 2; Exhibit A.)

In short, the First Amended Complaint streamlines Plaintiffs' claims and the issues involved in this action by limiting them to Defendants' violations of their First Amendment rights.  Any additional factual allegations are based on new information that Plaintiffs have learned since the filing of their original Complaint. The First Amended Complaint is timely, does not cause any prejudice to Defendants and should be permitted.

### II.   STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Plaintiffs are tenured faculty members at Bakersfield College, which is part of the Kern Community College District.  At all times relevant to this case, Defendants are or were officials of the District.  Plaintiffs allege that Defendants, acting under color of state law and in their individual and official capacities, violated their First Amendment rights by disciplining and retaliating against them

based on the viewpoints expressed in an on-campus speech they delivered on September 12, 2019.

Plaintiffs filed this action on May 25, 2021.  The original Complaint asserted federal claims for violation of Plaintiffs' First Amendment rights along with four state law causes of action.  On August 13, 2021, Defendants filed a Special Motion to Strike Plaintiffs' Complaint (anti-SLAPP) directed solely at the state law claims (the Second through Fifth Causes of Action) contained in the original Complaint. Defendants' anti-SLAPP motion was originally set for hearing on September 21, 2021.

On August 24, 2021, plaintiffs' counsel emailed defense counsel asking whether the defense would withdraw their motion and stipulate to the filing of a First Amended Complaint that was limited to Plaintiffs' federal First Amendment claims and that dropped the state law claims that Defendants' motion found objectionable.  On August 27, 2021, defense counsel refused to stipulate to the filing of the First Amended Complaint on the grounds that the amended pleading would contravene California's anti-SLAPP procedures.  Plaintiffs' counsel immediately responded citing binding Ninth Circuit law permitting a plaintiff to file an amended complaint in the face of an anti-SLAPP motion.  (Willner Decl., ¶ 3; Exhibit B.)

In late August/early September 2021, counsel agreed to engage in early ADR in the hope of successfully mediating this case.  The parties agreed upon Phyllis Cheng, Esq. of ADR Services, Inc. as mediator.  A full day mediation was held on October 12 followed by a half-day session on November 1, 2021.  In order to facilitate the mediation without counsel having to spend the time and money working on their respective motions, the parties stipulated to, and this Court continued the hearing on the anti-SLAPP motion to January 4, 2022. Unfortunately, despite the diligence and good faith efforts of both sides as well as

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

the mediator, the mediation was unsuccessful in resolving the matter.   (Willner Decl., ¶ 4.)

Prior to the second mediation session of November 1, 2021, plaintiffs' counsel provided defense counsel with a copy of the proposed First Amended Complaint (nearly identical to Exhibit A).  On November 11, 2021, defense counsel again emailed defense counsel requesting that they stipulate to the filing of the First Amended Complaint.  (Willner Decl., ¶ 5; Exhibit C.)  Counsel spoke over the phone on November 16, 2021 at which time defense counsel was still unwilling to stipulate to the filing of the First Amended Complaint.  (Willner Decl., ¶ 6.)

## III.   **ARGUMENT**

### A.   **Leave Should Be Granted to Amend the Complaint**.

#### 1.   **Leave Is Freely Granted.**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires."  The United States Supreme Court and the Ninth Circuit have repeatedly reaffirmed that leave to amend is granted with "extreme liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted).  *See, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." (Emphasis in original.)

#### 2.   **Plaintiffs' First Amended Complaint Should Be Permitted.**

The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment."  *DCD Programs*, 833 F.2d at 186.

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

1   None of these factors are present here.  On the contrary, Plaintiffs herein are clearly

2   not acting in bad faith since their First Amended Complaint actually streamlines

3   their claims to just their federal causes of action.  There is no undue delay since the

4   parties worked together to stipulate to a schedule that would accommodate their

5   respective motions; and, furthermore, the Court has not yet issued a scheduling

6   order with a deadline for amendments to pleadings.  There is no prejudice to the

7   defense since plaintiffs' counsel has twice requested and defense counsel has twice

8   refused to stipulate to the filing of the First Amended Complaint.  Lastly, the

9   "futility" factor not an issue that the defense has yet raised; nor do Plaintiffs

10  anticipate that it will be raised.

11          Furthermore, Defendants' pending anti-SLAPP motion has no bearing on

12  whether the Court should permit the First Amended Complaint.  The Ninth Circuit

13  has specifically held that a plaintiff may amend their complaint to dismiss the

14  claims that an anti-SLAPP motion considers objectionable.  *See, Verizon Delaware,*

15  *Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004) ("As *Vess*

16  implicitly suggests, granting a defendant's anti-SLAPP motion to strike a plaintiff's

17  initial complaint without granting the plaintiff leave to amend would *directly*

18  *collide* with Fed.R.Civ.P. 15(a)'s policy favoring liberal amendment . . . Moreover,

19  the purpose of the anti-SLAPP statute, the early dismissal of meritless claims,

20  would still be served if plaintiffs eliminated the offending claims from their original

21  complaint.  If the offending claims remain in the first amended complaint, the anti-

22  SLAPP remedies remain available to defendants."  (Emphasis added.). *See also*,

23  *Sanchez v. Law Office of Armo*, No. 1:20-cv-00163-NONE-SKO, 2021 WL

24  1214559, *17 (E.D. Cal. March 31, 2021) ("Here, as this is Plaintiff's initial

25  complaint, the Ninth Circuit requires that Plaintiff be given leave to amend the

26  dismissed claim."  (Citing *Verizon.*)

27

28

## IV.    <u>CONCLUSION</u>

For the reasons discussed above, Plaintiffs respectfully request that the Court grant its Motion for Leave to File First Amended Complaint.


DATED: December 14, 2021          LEADER BERKON COLAO & SILVERSTEIN LLP


By: <u>/s/ Arthur I. Willner</u>
Arthur I. Willner, SBN 118480
awillner@leaderberkon.com
Attorneys for Plaintiffs MATTHEW GARRETT, PH.D. and PROFESSOR ERIN MILLER