1   Jesse J. Maddox, Bar No. 219091
    jmaddox@lcwlegal.com
2   David A. Urban, Bar No. 159633
    durban@lcwlegal.com
3   Chelsea M. Desmond, Bar No. 320713
    cdesmond@lcwlegal.com
4   LIEBERT CASSIDY WHITMORE
    A Professional Law Corporation
5   6033 West Century Boulevard, 5th Floor
    Los Angeles, California 90045
6   Telephone:  310.981.2000
    Facsimile:   310.337.0837
7
8   Attorneys for Defendants CHRISTOPHER W. HINE,
    General Counsel of Kern Community College District, in
9   his individual and official capacities; THOMAS J.
    BURKE, Chancellor of the Kern County Community
    District, in his individual and official capacities
10

11              UNITED STATES DISTRICT COURT

12            EASTERN DISTRICT OF CALIFORNIA - FRESNO

13

| MATTHEW GARRETT, PH.D., an individual; and PROFESSOR ERIN MILLER, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTOPHER W. HINE, General Counsel of Kern Community College District, in his individual and official capacities; THOMAS J. BURKE, Chancellor of the Kern County Community District, in his individual and official capacities, and DOES 1 through 50, inclusive <br><br> Defendants. | Case No.:  1:21-CV-00845-DAD-JLT <br><br> Complaint Filed: May 25, 2021 <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** <br><br> Date:        January 18, 2022 <br> Time:        9:30 a.m. <br> Courtroom:  5 <br><br> *[Filed concurrently with Declaration of David A. Urban]* |
| --- | --- |

23        Defendants CHRISTOPHER W. HINE, General Counsel of Kern

24   Community College District, in his individual and official capacities, and

25   THOMAS J. BURKE, Chancellor of the District, in his individual and official

26   capacities ("Defendants"), submit the following memorandum of points and

27   authorities in opposition to Plaintiffs MATTHEW GARRETT's and ERIN

28   MILLER's ("Plaintiffs") motion for leave to file their first amended complaint.

*Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045*

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION .......................................................................... 5

II.    STATEMENT OF FACTS ............................................................ 5

     A.     DEFENDANTS FILED A SPECIAL MOTION TO STRIKE PLAINTIFFS' STATE LAW CAUSES OF ACTION FROM THEIR OPERATIVE COMPLAINT ...................... 5

     B.     THE PARTIES PARTICIPATE IN GOOD FAITH SETTLEMENT NEGOTIATIONS ........................................ 6

     C.     PLAINTIFFS FILED THEIR MOTION TO AMEND THEIR OPERATIVE COMPLAINT TO CIRCUMVENT THE RULING ON DEFENDANTS' ANTI-SLAPP MOTION .................................................................................. 7

     D.     PLAINTIFFS BELATEDLY SEEK TO ADD TWO NEW DEFENDANTS .......................................................... 7

III.   LEGAL ARGUMENT ................................................................. 9

     A.     AMENDMENT SHOULD BE DENIED PURSUANT TO THE *FOMAN* FACTORS ........................................... 9

         1.    Defendants will be Prejudiced by the Amendment ............... 9

             a.    Defendants will be Prejudiced if Plaintiffs are Permitted to Amend their Complaint without Affording Defendants Fees and Costs Related to the Anti-SLAPP Motion ...................... 9

             b.    Defendants will be Prejudiced by Amending the Complaint to Include Rice ........................................ 11

         2.    Plaintiffs Unduly Delayed in the Proposed Amendments ........................................................................ 12

         3.    Amendment Would be Futile as the § 1983 Actions are Barred by the Applicable Statute of Limitations ............... 13

         4.    Plaintiffs' Vindictive Amendments Are Made in Bad Faith ............................................................................ 15

     B.     IF PLAINTIFFS ARE PERMITTED TO AMEND THEIR COMPLAINT, DEFENDANTS ARE ENTITLED TO FEES RELATED TO THEIR ANTI-SLAPP MOTION .................................................................... 17

IV.   CONCLUSION .......................................................................... 20

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Opposition to Amended Motion for Leave to File First Amended Complaint

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Federal Cases**

4

*Alexopulos v. San Francisco Unified School District*
   817 F.2d 551 (9th Cir. 1987) ...................................................................................13

5

*Amerisource Bergen Corp. v. Dialysist W., Inc.*
   465 F.3d 946, 951 (9th Cir. 2006) ............................................................................9

6

*Chodus v. West Publ'g Co.*
   292 F.3d 992 (9th Cir. 2002) ...................................................................................15

7

8

*Eminence Cap., LLC v. Aspeon, Inc.*
   316 F.3d 1048 (9th Cir. 2003) ..................................................................................9

9

*Fleming v. Coverstone*
   2009 WL 764940 (S.D. Cal. 2009) ...................................................................18, 20

10

11

*Foman v. Davis*
   371 U.S. 178, 182 (1962) ..........................................................................................9

12

*Garrison v. Ringgold*
   2019 WL 5684401 (S.D. Cal. 2019) ......................................................................18

13

*Gibson v. United States*
   781 F.2d 1334 (9th Cir. 1986) ................................................................................13

14

15

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*
   724 F.3d 1268 (9th Cir. 2013) ................................................................................17

16

*Jackson v. Bank of Hawaii*
   902 F.2d 1385 (9th Cir. 1990) ................................................................................12

17

18

*L. Offs. of Bruce Altschuld v. Wilson*
   632 F. App'x 321 (9th Cir. 2015) ...........................................................................17

19

20

*Mireskandari v. Associated Newspapers, Ltd.*
   665 F. App'x 570 (9th Cir. 2016) ...........................................................................18

21

*Northon v. Rule*
   637 F.3d 937 (9th Cir. 2011) ..................................................................................17

22

23

*Nunes v. Ashcroft*
   375 F.3d 805 (9th Cir. 2004) ..................................................................................12

24

*Rutherford v. Palo Verde Health Care Dist.*
   2014 WL 12634510 (C.D. Cal. 2014) ....................................................................18

25

26

*Sanchez v. Law Office of Armo*
   2021 WL 1214559 (E.D. Cal. 2021) .......................................................................11

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

3

Opposition to Amended Motion for Leave to File First Amended Complaint

*Taylor v. Regents of Univ. of California*
   993 F.2d 710 (9th Cir. 1993) ...............................................................13

*Thomas v. Fry's Elecs., Inc.*
   400 F.3d 1206 (9th Cir. 2005); ..........................................................17

*Verizon Delaware, Inc. v. Covad Communications Co.*
   377 F.3d 1081 (9th Cir. 2004) ...........................................................10

*Vincent v. Trend W. Technical Corp.*
   828 F.2d 563 (9th Cir. 1987) .............................................................12

**State Cases**

*Cedars-Sinai Medical Center*
   220 Cal. App. 3d 1315 (1990) ...........................................................13

*Coltrain v. Shewater*
   66 Cal. App. 4th 94 (1998) ...........................................................17, 18

*Quality Old Time Serv., Inc.*
   139 Cal. App. 4th 328 (2006) ...........................................................19

*Salma v. Capon*
   161 Cal. App. 4th 1275 (2008) .........................................................10

*Simmons v. Allstate Ins. Co.*
   92 Cal. App. 4th 1068 (2001) ...........................................................11

**Statutes**

28 U.S.C. section 2201 .............................................................................7

42 U.S.C. section 1983 .............................................................................7

Civ. Proc. Code section 335.1 ................................................................13

Civ. Proc. Code section 425.16 ...............................................................9

Civ. Proc. Code section 425.16(b)(1) ......................................................5

Civ. Proc. Code section 425.16(c) .........................................................18

Fed. R. Civ. P. 15(c) .............................................................................14

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

4

9908821.6 KE020-096

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3

Plaintiffs Matthew Garrett and Erin Miller seek to amend their operative

4

complaint in an effort to circumvent the fees and costs associated with Defendants'

5

pending anti-SLAPP motion.  In their first amended complaint, Plaintiffs propose to

6

voluntarily dismiss every cause of action that was subject to Defendants' pending

7

anti-SLAPP motion and further seek to add new defendants with unrelated

8

allegations based on facts Plaintiffs knew when they filed their original complaint.

9

The Federal Rules of Civil Procedure favor liberal amendment, but such

10

liberality is limited when the amendment prejudices the opposing party, produces

11

an undue delay in litigation, is futile, or is sought in bad faith or with dilatory

12

motive.  Such limitations apply here.  Therefore, Plaintiffs' motion for leave to

13

amend their complaint should be denied.

14

## II.   STATEMENT OF FACTS

15

### A.   DEFENDANTS FILED A SPECIAL MOTION TO STRIKE PLAINTIFFS' STATE LAW CAUSES OF ACTION FROM THEIR OPERATIVE COMPLAINT

16

17

18

On May 25, 2021, Plaintiffs filed their original and operative complaint

19

alleging the following six causes of action against both Defendants in their

20

individual and official capacities: (1) violation of Plaintiffs' first amendment right

21

to freedom of speech through retaliation; (2) breach of contract; (3) breach of the

22

implied covenant of good faith and fair dealing; (4) negligence; (5) intentional

23

infliction of emotional distress; and (6) for a declaratory judgment under 28 U.S.C.

24

§ 425.16(b)(1). (See Dckt. 1, Original Complaint; Declaration of David A. Urban

25

("Urban Declaration"), ¶ 2.)

26

On August 13, 2021, Defendants filed a special motion to strike pursuant to

27

California's anti-SLAPP statute, seeking to strike Plaintiffs' four state law causes of

28

action (breach of contract, breach of the implied covenant of good faith and fair

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

5

9908821.6 KE020-096

dealing, negligence, and intentional infliction of emotional distress) because such causes of action attack Defendants' protected conduct and Plaintiffs cannot establish a probability of prevailing on these causes of action.  (See Dckt 9; Urban Declaration, ¶ 3.)

## B.     THE PARTIES PARTICIPATE IN GOOD FAITH SETTLEMENT NEGOTIATIONS

Following the filing of Defendants' anti-SLAPP motion, Plaintiffs initiated settlement negotiations and requested that the parties participate in private mediation.  (Urban Declaration, ¶ 4.)  Defendants agreed and, on September 7, 2021, the parties entered into a joint stipulation to continue the hearing on the anti-SLAPP motion (which was set for September 21, 2021) and stay the litigation pending mediation to allow resources to be directed toward settlement discussions.  (*Id*.; Dckt. 13, September 2, 2021 Joint Stipulation.)

The parties participated in mediation on October 12, 2021, and on October 18, 2021, the parties filed a second joint stipulation further continuing the hearing on the anti-SLAPP motion (which was set for November 2, 2021) and staying the litigation pending an additional day of mediation.  (Urban Declaration, ¶ 5; Dckt. 16, October 18, 2021 Joint Stipulation.)

On November 1, 2021, the parties participated in a second day of mediation, but were unable to reach an agreement.  (Urban Declaration, ¶ 6.)  Because the parties were unable to settle the matter, the litigation stay was lifted, making Plaintiffs' opposition to the anti-SLAPP motion due on December 21, 2021, Defendants' reply due December 28, 2021, and the hearing set for January 4, 2022. (Urban Declaration, ¶ 7.)

///
///
///
///

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1

2

3

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

## C.   PLAINTIFFS FILED THEIR MOTION TO AMEND THEIR OPERATIVE COMPLAINT TO CIRCUMVENT THE RULING ON DEFENDANTS' ANTI-SLAPP MOTION

In anticipation of their opposition to Defendants' anti-SLAPP motion, Plaintiffs filed the instant motion for leave to amend their operative complaint on December 14, 2021.  (Dckt. 18.)  In their proposed amended complaint, Plaintiffs voluntarily dismiss four of their six original causes of action (Plaintiffs' second cause of action for breach of contract, third cause of action for breach of implied covenant of good faith and fair dealing, fourth cause of action for negligence, and fifth cause of action for intentional infliction of emotional distress).

The proposed amended complaint maintains the first cause of action for "violation of Plaintiffs' first amendment rights to freedom of speech through retaliation" pursuant to 42 U.S.C. section 1983 but splits the cause of action into two separate causes of action: (1) Plaintiffs' proposed first cause of action for "violation of Plaintiffs' first amendment rights to freedom of speech through retaliation" pursuant to 42 U.S.C. section 1983 against Defendants in their individual capacities and (2) Plaintiffs' proposed second cause of action for "violation of Plaintiffs' first amendment rights to freedom of speech through retaliation" pursuant to 42 U.S.C. section 1983 against Defendants in their official capacities.  Plaintiffs' original six causes of action for declaratory relief under 28 U.S.C. section 2201 et seq. became their third cause of action.

## D.   PLAINTIFFS BELATEDLY SEEK TO ADD TWO NEW DEFENDANTS

Upset with the possibility of paying attorneys' fees for frivolous causes of action, Plaintiffs' proposed amended complaint vindictively seeks to add two individuals for alleged actions and occurrences unrelated to those of the current defendants, Defendants Hine and Burke.  First, Plaintiffs seek to add Vice President of Bakersfield College Billie Jo Rice as a defendant in her individual and official

7

capacity for allegedly "requesting that Dr. Garrett remove the publicly posted video of his September 12, 2019 speech, pressuring Plaintiffs from making requests for public records concerning the expenditure and allocation of grant funds, canceling a mediation session in retaliation for Garrett's appearance on a local radio show where he discussed matters of public concern . . . deliberately mishandling Dr. Garrett's personal and confidential information, and interfering with Dr. Garrett's application for equivalency to teach in the field of Interdisciplinary Studies and Ethnic Studies."  (Dckt. 21-3, Plaintiffs' [Proposed] First Amended Complaint, ¶ 13, page 5:25-6:11.)

Importantly, all facts alleged against Billie Jo Rice took place before Plaintiffs filed their original and operative complaint.  (Dckt. 21-3, Plaintiffs' [Proposed] First Amended Complaint, ¶¶ 26 [November 2019 occurrence], 27 [December 2019 occurrence], 59 [March 2021 occurrence], and 60 [related to March 2021 occurrence].)

Second, Plaintiffs seek to add the Chancellor of Kern Community College District, Sonya Christian, as a defendant in her individual and official capacity for being allegedly "complicit in and/or fail[ing] to act to prevent [Rice and Hine's] violation of Plaintiff's rights and as retaliation for Plaintiffs' exercise of their First Amendment rights."  (Dckt. 21-3, Plaintiffs' [Proposed] First Amended Complaint, ¶ 14, page 6:12-22.)  Other than allegedly ratifying the acts of Rice and Hine, Plaintiffs allege no specific allegations about Chancellor Christian's own actions.

Again, all facts alleged against Chancellor Christian took place before Plaintiffs filed their original and operative complaint.  (Dckt. 21-3, Plaintiffs' [Proposed] First Amended Complaint, ¶¶ 27 [December 2019 occurrence], 28 [Rice's November 2019, December 2019, and March 2021 occurrences], 32 and 39-40 [August 2020 occurrence].)

///

///

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

8

Opposition to Amended Motion for Leave to File First Amended Complaint

III.   **LEGAL ARGUMENT**

A.   **AMENDMENT SHOULD BE DENIED PURSUANT TO THE *FOMAN* FACTORS**

Leave to amend a complaint need not be granted if the leave (1) prejudices the opposing party; (2) produces an undue delay in litigation; or (3) is futile; or (4) is sought in bad faith or with dilatory motive.  See *Amerisource Bergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

1.   **Defendants will be Prejudiced by the Amendment**

Notably, "[n]ot all of the factors merit equal weight.  As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  "Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

a.   **Defendants will be Prejudiced if Plaintiffs are Permitted to Amend their Complaint without Affording Defendants Fees and Costs Related to the Anti-SLAPP Motion**

If Plaintiffs are permitted to amend their complaint to dismiss all causes of action that are subject to the anti-SLAPP statute without affording Defendants the attorney's fees related to the anti-SLAPP motion, Defendants will be severely prejudiced in the expenditures it forfeited to bring the anti-SLAPP motion before the Court.

It is for this very reason that California courts do not permit amendment following the filing of the anti-SLAPP motion but preceding the ruling on the anti-SLAPP motion.  *Salma v. Capon*, 161 Cal. App. 4th 1275, 1280 (2008) (holding that a plaintiff or cross-complainant may not avoid a pleadings challenge pursuant to Code of Civil Procedure section 425.16 by amending the challenged complaint

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

9

or cross-complaint before the special motion to strike is heard and stating "[r]equiring the trial court to analyze the amended claims under section 425.16 simply because the claims were amended before the court ruled on the first motion to strike would cause all of the evils identified in *Simmons* and would undermine the legislative policy of early evaluation and expeditious resolution of claims arising from protected activity").

As the court in *Simmons v. Allstate Ins. Co.* explained:

> Allowing a SLAPP plaintiff leave to amend the complaint once the court finds the prima facie showing has been met would completely undermine the statute by providing the pleader a ready escape from section 425.16's quick dismissal remedy.  Instead of having to show a probability of success on the merits, the SLAPP plaintiff would be able to go back to the drawing board with a second opportunity to disguise the vexatious nature of the suit through more artful pleading.  This would trigger a second round of pleadings, a fresh motion to strike, and inevitably another request for leave to amend.
>
> By the time the moving party would be able to dig out of this procedural quagmire, the SLAPP plaintiff will have succeeded in his goal of delay and distraction and running up the costs of his opponent.  Such a plaintiff would accomplish indirectly what could not be accomplished directly, i.e., depleting the defendant's energy and draining his or her resources.  This would totally frustrate the Legislature's objective of providing a quick and inexpensive method of unmasking and dismissing such suits.

*Simmons v. Allstate Ins. Co.*, 92 Cal. App. 4th 1068, 1073-74 (2001) (internal citations omitted).

In *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081 (9th Cir. 2004), the court permitted the plaintiff to amend the complaint despite an anti-SLAPP motion, finding that the inability to amend conflicts with the Federal Rules' policy favoring liberal amendment.  However, the court in *Verizon* dealt with an amendment that was sought *after* the judgment on the anti-SLAPP motion was entered, not *in anticipation* of the anti-SLAPP hearing.  *Id.* at 1082; *see also Sanchez v. Law Office of Armo*, 2021 WL 1214559, at *1 and 16-17 (E.D. Cal.

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

2021) (granting plaintiff leave to amend only after the judgment was entered on the anti-SLAPP and explaining that an award of fees to the prevailing party in an anti-SLAPP motion is mandatory).

Regardless, the prejudice remains should Defendants not be afforded their fees and costs associated with the anti-SLAPP motion that so easily dissipates upon the filing of an amended complaint that eliminates the causes of action at issue in the anti-SLAPP motion.

### b.   Defendants will be Prejudiced by Amending the Complaint to Include Rice

Defendants will also be prejudiced if Plaintiffs are permitted to add two new defendants and the allegations against the two proposed defendants that are unrelated to the allegations against the current Defendants.  Particularly, in proposing to add Vice President Rice, Plaintiffs are drastically expanding the facts and occurrences at issue – none of which involve the facts and occurrences related to Defendants Hine and Burke.

For example, the allegations against Defendants Hine and Burke are limited to those regarding their actions in relation to the internal affairs complaints filed by Professors Rosales and Bond.  By contrast, the allegations against Rice are about Rice allegedly "requesting that Dr. Garrett remove the publicly posted video of his September 12, 2019 speech, pressuring Plaintiffs from making request for public records concerning the expenditure and allocation of grant funds, canceling a mediation session in retaliation for Garrett's appearance on a local radio show where he discussed matters of public concern . . . deliberately mishandling Dr. Garrett's personal and confidential information, and interfering with Dr. Garrett's application for equivalency to teach in the field of Interdisciplinary Studies and Ethnic Studies."  (Dckt. 21-3, Plaintiffs' [Proposed] First Amended Complaint, ¶ 13, page 5:25-6:11.)  In no allegation set forth in Plaintiffs' proposed amended complaint do Plaintiffs tie Rice's alleged actions to the actions alleged against

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

9908821.6 KE020-096

1    Defendants Hine and Burke in the operative complaint.

2        Because the allegations against Rice are so unrelated to those against Hine

3    and Burke, Defendants will be forced to incur additional expenditures as adding

4    Rice and the allegations related to Rice will inevitably require Defendants to

5    bifurcate the case of Hine and Burke from Rice pursuant to Federal Rule of Civil

6    Procedure 42 to avoid prejudice and economize the litigation and trial.

7              **2.    Plaintiffs Unduly Delayed in the Proposed Amendments**

8        Next, courts must analyze whether the moving party unduly delayed in filing

9    their motion.  "Relevant to evaluating the delay issue is whether the moving party

10   knew or should have known the facts and theories raised by the amendment in the

11   original pleading."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir.

12   1990).  This is particularly true when "no facts or theories [are] gleaned from the

13   additional discovery period to support" the moving party's contention that

14   amendment is appropriate.  *Id.*  In fact, "a district court does not abuse its discretion

15   in denying a motion to amend a complaint ... when the movant presented no new

16   facts but only 'new theories' and 'provided no satisfactory explanation for his

17   failure to fully develop his contentions originally.'"  *Nunes v. Ashcroft*, 375 F.3d

18   805, 808 (9th Cir. 2004) (citing *Vincent v. Trend W. Technical Corp.*, 828 F.2d 563,

19   570-71 (9th Cir. 1987)).

20       Here, Plaintiffs seek to add Vice President Rice and Chancellor Christian

21   based on facts that Plaintiffs knew before they filed the original complaint.  To

22   date, the parties have not conducted any discovery such that Plaintiffs have

23   obtained new information.  (See Dckts. 13, September 7, 2021 Joint Stipulation re

24   Continuance of Anti-SLAPP Motion Hearing Date and Stay of Action Pending

25   Settlement Negotiations, and 16, October 18, 2021 Joint Stipulation re Continuance

26   of Anti-SLAPP Motion Hearing Date and Stay of Action Pending Settlement

27   Negotiations [showing that the litigation was stayed, including continuance of the

28   scheduling conference, to "direct . . . resources to settlement discussions."].)

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Plaintiffs' proposed amendments are not based on new facts or legal theories. Therefore, Plaintiffs' proposed amendment is unduly delayed.  As such, the *Foman* factors weigh in favor of denying Plaintiffs' motion.

### 3.    Amendment Would be Futile as the § 1983 Actions are Barred by the Applicable Statute of Limitations

Courts will also deny a motion to amend the operative complaint when amendment would be futile.  See *Amerisource Bergen Corp.*, 465 F.3d 946, 951; *Foman*, 371 U.S. 178, 182.  In fact, "[f]utility alone can justify the denial of a motion for leave to amend." *Nunes*, 375 F.3d 805, 808.  Here, the § 1983 amendments are futile because they are barred by the statute of limitations.

An action brought under 42 U.S.C. section 1983 is a personal injury action, and is subject to the statute of limitations for state tort causes of action.  *Jackson v. Cedars-Sinai Medical Center*, 220 Cal. App. 3d 1315, 1323 (1990); *Taylor v. Regents of Univ. of California*, 993 F.2d 710, 711 (9th Cir. 1993).  In California, a personal injury action must be filed within two years after the accrual of a cause of action.  Cal. Code Civ. Proc. § 335.1.

Federal law determines the date of accrual of a federal civil rights cause of action.  *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986).  Under federal law, a cause of action generally accrues when a party knows or has reason to know of the injury which is the basis of the action.  *Alexopulos v. San Francisco Unified School District*, 817 F.2d 551, 555 (9th Cir. 1987).

In their proposed amended complaint, Plaintiffs seek to hold proposed defendant Rice liable for alleged incidents that occurred in November and December of 2019, and March of 2021.  (Dckt. 21-3, Plaintiffs' [Proposed] First Amended Complaint, ¶¶ 13, 26, 27, 59, and 60.)  The November and December 2019 alleged incidents are barred by the statute of limitations as Plaintiffs will not file their amended complaint until January 2022, over two years after the alleged incidents.  Therefore, such occurrences are time-barred.

9908821.6 KE020-096

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Similarly, Plaintiffs seek to hold proposed defendant Sonya Christian liable for alleged incidents that occurred in September 2019, November 2019, December 2019, August 2020, and March 2021.  (Dckt. 21-3, Plaintiffs' [Proposed] First Amended Complaint, ¶¶ 14, 27, 28, 32, 39-40.)  Again, the alleged incidents that occurred in November and December 2019 are barred by the statute of limitations as Plaintiffs will not file their amended complaint until January 2022, over two years after the alleged incidents.

Importantly, the new, time-barred allegations do not relate back to the date Plaintiffs filed the original complaint because the new allegations are unrelated to the facts alleged in the original complaint.  To belatedly add a new party to the litigation and relate the amendment back to the date of the original pleading, the amendment must arise "out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading" *and* the amending party must establish that "the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity" within 90 days of filing the original complaint that provided notice to the proposed defendants.  Fed. R. Civ. P. 15(c).

Here, Plaintiffs have not satisfied Rule 15(c) in relation to the new allegations and cannot establish such requirements because the new allegations do not arise out of the conduct, transaction, or occurrence alleged in the original complaint.

Moreover, Plaintiffs also cannot establish that the two new proposed defendants were on notice that they would be defendants, or that they knew or should have known they would have been included in the original complaint but for a mistake regarding their identity.  This is particularly true given the allegations in the original complaint are unrelated to those now alleged against the two proposed defendants.  Thus, any argument that the statute of limitations is inapplicable to the

14

two proposed defendants ignores the clear language of Rule 15 and is without merit.

As such, amendment to include occurrences that are barred by the statute of limitations would be futile.  Accordingly, Defendants' respectfully request that this Court deny Plaintiffs' motion for leave to amend their complaint.

### 4.   Plaintiffs' Vindictive Amendments Are Made in Bad Faith

Leave to amend a complaint need not be granted if the leave is sought in bad faith or with dilatory motive.  See *Amerisource Bergen Corp.*, 465 F.3d 946, 951; *Foman*, 371 U.S. 178, 182.  "In evaluating dilatory motive and undue delay, courts ask 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'"  *King v. Soexo, Inc.*, 2016 WL 4161095, at *3 (C.D. Cal. 2016) (citing *Jackson*, 902 F.2d 1385, 1388; see also *Chodus v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) [stating that the District Court did not abuse its discretion in denying a Motion to Amend on undue delay where the facts were available to the plaintiff before previous amendments to the complaint]).

In fact, courts consistently hold that a plaintiff should not be granted leave to amend to add new defendants when that "[p]laintiff has been aware of the potential claims against" the proposed defendants before filing the original complaint.  *King*, 2016 WL 4161095, at *3; see also *Chodos*, 292 F.3d 992, 1003  ("The district court denied the motion, finding that those 'new' facts had been available to [Plaintiff] even before the first amendment to his complaint.").  The courts explain that such an amendment is "[u]nlike cases where the plaintiff named doe defendants whose identity was unknown" and therefore courts should not afford the same liberality towards amendment under these circumstances.  *Id*.  Courts hold that this is particularly true when the plaintiff provides "no reasonable justification for why he unreasonably delayed in naming [the proposed defendants] when he knew of their existence and involvement since the inception of the litigation."  *Id*.  In fact, courts

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

have characterized such proposed amendments as "calculated" and therefore emblematic of undue delay, bad faith, and dilatory motive. *King*, 2016 WL 4161095, at *3.

Here, Plaintiffs' bad faith is evident for several reasons. First and foremost, the proposed amendments are a thinly veiled attempt to retaliate against the District for filing the anti-SLAPP motion and then rejecting Plaintiffs' request to let them amend the complaint and escape the consequences of the anti-SLAPP motion. The timing makes this obvious. It was not until Defendants filed their anti-SLAPP motion that Plaintiffs sought to add the Vice President of Bakersfield College and current District Chancellor to the lawsuit. Plaintiffs do not seek to add the new defendants based on new incidents or newly discovered information. Rather, they seek to add Vice President Rice based on alleged incidents of which they were aware before they filed the initial complaint, and seek to add Chancellor Christian under the guise that she ratified the other defendants' conduct.

Second, as described above, Plaintiffs' amendment seeks to circumvent the ruling on Defendants' anti-SLAPP motion and the exposure to attorneys' fees.

Third, the allegations Plaintiffs seek to add are unrelated to the allegations against the present Defendants. This ploy not only brings additional high-level administrators into the lawsuit, but makes the lawsuit more expensive for the current Defendants because they will need to seek bifurcation of the unrelated allegations.

In addition to bad faith, Plaintiffs have demonstrated a dilatory motive. As explained above, they seek to add facts against the proposed defendants that are clearly barred by the statute of limitations.

Accordingly, Defendants respectfully request that this Court deny Plaintiffs' vindictive motion to amend their operative complaint.

///

///

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Opposition to Amended Motion for Leave to File First Amended Complaint

## B. IF PLAINTIFFS ARE PERMITTED TO AMEND THEIR COMPLAINT, DEFENDANTS ARE ENTITLED TO FEES RELATED TO THEIR ANTI-SLAPP MOTION

Ninth Circuit courts consistently hold that "California anti-SLAPP motions to strike and entitlement to fees and costs are available to litigants proceeding in federal court, and that these provisions do not conflict with the Federal Rules of Civil Procedure." *Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1206-07 (9th Cir. 2005); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 724 F.3d 1268, 1272 (9th Cir. 2013) ("[T]he anti-SLAPP statute is available in federal court."); *Northon v. Rule*, 637 F.3d 937, 938-39 (9th Cir. 2011) (holding that Oregon's anti-SLAPP statute, which was modeled after California's anti-SLAPP statute, applies in federal court, including its provisions for the recovery of attorney's fees and costs).

In accordance with such decisions, courts also consistently hold that a defendant remains entitled to fees and costs related to its anti-SLAPP motion even after the plaintiff either (1) voluntarily dismisses the claims subject to the anti-SLAPP motion or (2) is permitted to amend its complaint following the filing of the anti-SLAPP motion but preceding the hearing and ruling on the motion. See e.g., *L. Offs. of Bruce Altschuld v. Wilson*, 632 F. App'x 321, 323 (9th Cir. 2015) ("Where the plaintiff dismisses the alleged SLAPP before the court rules on a pending motion to strike, the mooting of the merits of the motion does not bar a defendant from recovering attorneys' fees."); *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 106 (1998), as modified (Sept. 4, 1998) (holding that upon plaintiff's voluntary dismissal, defendant is presumed the prevailing party entitled to fees because if a voluntary dismissal precluded defendants from recovering fees associated with the anti-SLAPP motion, "SLAPP plaintiffs could achieve most of their objective with little risk — by filing a SLAPP suit, forcing the defendant to incur the effort and expense of preparing a special motion to strike, then dismissing

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1 the action without prejudice").[1]

2    When exercising their discretion to grant anti-SLAPP fees and costs after the

3 plaintiff is permitted to amend the complaint but before the hearing on the anti-

4 SLAPP motion, the court analyzes whether the defendant is the prevailing party and

5 therefore entitled to mandatory fees related to the anti-SLAPP motion. *Rutherford*

6 *v. Palo Verde Health Care Dist.*, 2014 WL 12634510, at *5 (C.D. Cal. 2014)

7 (citing *Coltrain v. Shewater*, 66 Cal. App. 4th 94, 107 (1998).   "In making that

8 determination, the critical issue is which party realized its objectives in the

9 litigation.  Since the defendant's goal is to make the plaintiff go away with its tail

10 between its legs, ordinarily the prevailing party will be the defendant." *Coltrain v.*

11 *Shewate*r, 66 Cal. App. 4th 94, 107 (1998).  "The plaintiff [] may try to show it

12 actually dismissed because it had substantially achieved its goals through a

13 settlement or other means, because the defendant was insolvent, or for other reasons

14 unrelated to the probability of success on the merits." *Id*.

15    Importantly, however, when a plaintiff voluntarily dismisses the challenged

16 causes of action "a presumption [arises] that defendants [are] the prevailing

17 parties." *Rutherford v. Palo Verde Health Care Dist.,* 2014 WL 12634510, at *5

18 (C.D. Cal. 2014) (citing *Coltrain v. Shewater*, 66 Cal. App. 4th 94, 107 (1998)).

19 ─────────────────────
20 [1] *Rutherford v. Palo Verde Health Care Dist.*, 2014 WL 12634510, at *5 (C.D. Cal.
2014) ("[W]here the plaintiff voluntarily dismisses an alleged SLAPP suit while a
21 special motion to strike is pending, the trial court has discretion to determine
whether the defendant is the prevailing party for purposes of attorney's fees under
22 Code of Civil Procedure section 425.16, subdivision (c)."); *Fleming v. Coverstone*,
2009 WL 764940, at *6 (S.D. Cal. 2009) (holding that Plaintiff's amendment to
23 remove one state law cause of action was "tantamount to a voluntary dismissal" and
therefore defendant was the prevailing party and entitled to attorney's fees because
24 plaintiff "may not avoid liability for attorney fees under the anti-SLAPP statute by
dismissing his claims subject to a pending anti-SLAPP special motion to strike.")
*Mireskandari v. Mail*, 2014 WL 12561581, at *4 (C.D. Cal. 2014), aff'd in part,
25 appeal dismissed in part sub nom. *Mireskandari v. Associated Newspapers, Ltd.*,
665 F. App'x 570 (9th Cir. 2016) ("A court may award attorneys' fees and costs
26 under § 425.16(c) even where the plaintiff voluntarily dismisses the action before
the anti-SLAPP motion is heard."); *Garrison v. Ringgold*, 2019 WL 5684401, at *2
27 (S.D. Cal. 2019) (holding that when a plaintiff voluntarily dismisses an alleged
SLAPP suit while a special motion to strike is pending, defendant is presumed the
28 prevailing party and entitled to fees and costs related to the anti-SLAPP motion).

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1    Likewise, "a party need not succeed in striking every challenged claim to be

2    considered a prevailing party within the meaning of section 425.16." *Mann v.*

3    *Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 339 (2006). "A contrary

4    conclusion would require a partially prevailing defendant to bear the entire cost of

5    the anti-SLAPP litigation at the outset of the case." *Ibid.* "This would create a

6    strong disincentive for a defendant to bring the motion, undermining the legislative

7    intent to encourage defendants to utilize the anti-SLAPP procedure to eliminate

8    SLAPP claims and to discourage plaintiffs from bringing meritless SLAPP claims."

9    *Id.* at 339–40.

10         As explained in Defendants' Reply in Support of their Special Motion to

11   Strike Plaintiffs' Complaint, Defendants are the prevailing party and entitled to

12   attorneys' fees should Plaintiffs be permitted to amend the operative complaint to

13   voluntarily dismiss the state law causes of action.  See Dckt. 25, Defendants' Reply

14   in Support of Special Motion to Strike Plaintiffs' Complaint, pages 10:14-12:27.

15         Plaintiffs' proposed First Amended Complaint dismisses all four of the state

16   causes of action that were the subject of Defendants' anti-SLAPP motion, which

17   leave only two of the six original causes of action.  In addition to dismissing over

18   half of Plaintiffs' original causes of action, dismissal of these causes of action are of

19   particular significance for the reasons discussed more fully in Defendants' Reply in

20   Support of their Special Motion to Strike Plaintiffs' Complaint, which include

21   eliminating the requirement that the parties litigate (1) the terms of the applicable

22   collective bargaining agreement and related policies, (2) contractual liability,

23   (3) Defendants' intent to harm, and (4) issues that are stigmatizing towards

24   Defendants, such as negligence in the job duties and intending to harm their

25   colleagues through extreme and outrageous conduct, and (5) eliminating the

26   possible punitive damages related to Plaintiffs' tort causes of action.

27         As established above, Plaintiffs' voluntary dismissal of their second, third,

28   fourth, and fifth causes of action via amendment prior to the hearing on Defendants'

9908821.6 KE020-096

anti-SLAPP motion does not eliminate Defendants' entitlement to fees and costs associated with the anti-SLAPP motion.  In fact, such a voluntary dismissal or amendment creates a presumption that Defendants are the prevailing party on the anti-SLAPP motion and therefore entitled to the mandatory fees and costs.

Plaintiffs have not established that the amendment is sought because Plaintiffs have substantially achieved their goals through settlement, because Defendants were insolvent, or for other reasons unrelated to the probability of success on the merits.  *Fleming v. Coverstone*, 2009 WL 764940, at *6 (S.D. Cal. 2009).  Rather, Plaintiffs' Opposition to Defendants' anti-SLAPP motion concedes that the motion should be granted as it does not dispute that the state law causes of actions (1) fall within the scope of the anti-SLAPP statute or (2) lack any probability of success and should be dismissed.

For the reasons stated above and in Defendants' Reply in Support of their Special Motion to Strike Plaintiffs' Complaint (filed December 28, 2021), Plaintiffs' proposed amendments to the operative complaint make Defendants the prevailing party.  Plaintiffs cannot avoid mandatory fees under the anti-SLAPP statute by dismissing their state causes of action.

As such, if Plaintiffs are permitted to amend their complaint, Defendants are entitled to fees related to their anti-SLAPP motion and must be given the opportunity to be heard regarding the fees and costs to which they are entitled.

## IV.    **CONCLUSION**

For the foregoing reasons, Defendants request that this Court deny Plaintiffs' motion for leave to amend their operative complaint.

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1    Dated:  January 4, 2022                          LIEBERT CASSIDY WHITMORE

2

3
                                          By    _/s/ Jesse Maddox_____
4                                               Jesse J. Maddox
                                                David A. Urban
5                                               Chelsea M. Desmond
                                                Attorneys for Defendants
6                                               CHRISTOPHER W. HINE,
                                                General Counsel of Kern
7                                               Community College District, in
                                                his individual and official
8                                               capacities; THOMAS J. BURKE,
                                                Chancellor of the Kern County
9                                               Community District, in his
                                                individual and official capacities
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Opposition to Amended Motion for Leave to File First Amended Complaint

9908821.6 KE020-096

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045