UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW GARRETT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER W. HINE, et al.,<br><br>Defendants. | No.  1:21-cv-00845-DAD-BAK<br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, DENYING DEFENDANTS' MOTION TO STRIKE, AND GRANTING DEFENDANTS' REQUEST FOR ATTORNEYS' FEES<br><br>(Doc. Nos. 9, 18, 21) |

This matter is before the court on plaintiffs' motion seeking leave to file a first amended complaint (Doc. No. 21) and defendants' motion to strike plaintiffs' complaint pursuant to California's anti-SLAPP statute and requesting the award of attorneys' fees (Doc. No. 9).[1]

---

[1] The undersigned apologizes for the excessive delay in the issuance of this order.  This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion.  While that situation was partially addressed by the U.S. Senate's confirmation of a district judge for one of this court's vacancies on December 17, 2021, another vacancy on this court with only six authorized district judge positions was created on April 17, 2022.  For over twenty-two months the undersigned was left presiding over approximately 1,300 civil cases and criminal matters involving 735 defendants.  That situation resulted in the court not being able to issue orders in submitted civil matters within an acceptable period of time and continues even now as the undersigned works through the predictable backlog.  This has been frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel.

Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, the motions were taken under submission on the papers. (Doc. No. 23.) For the reasons explained below, the court will grant plaintiffs' motion seeking leave to file a first amended complaint in part, deny as having been rendered moot defendants' motion to strike the complaint, and grant defendants' request for the award of attorneys' fees.

## BACKGROUND

Kern Community College District ("District") is a public community college district. (Doc. No. 9-1 at ¶ 2.) Plaintiffs Matthew Garrett and Erin Miller are and at all relevant times were full-time tenured professors in the District's History Department. (*Id.*) They teach at Bakersfield College, which is one of several community college campuses located within the District. (*Id.*) On September 12, 2019, plaintiffs presented a lecture on the Bakersfield College campus, in which they made statements suggesting that their fellow professors, Oliver Rosales and Andrew Bond, were improperly misusing grant funds and college resources to finance social justice platforms. (Doc. No. 1 at ¶¶ 17, 18.) In October 2019, the District's human resources department received administrative complaints by professors Rosales and Bond, wherein they complained about the conduct and accusations made during plaintiffs' September 12, 2019 lecture. (Doc. No. 9-1 at ¶ 4.)

In August 2020, defendant Christopher W. Hine—in his capacity as General Counsel of the District—initiated an investigation via a third-party in order to determine whether plaintiffs' speeches and accusations violated District policy. (*Id.* at ¶ 8.) The third-party investigation concluded that plaintiffs had engaged in misconduct in making the allegations against professors Rosales and Bond. (*Id.*) Therefore, on October 8, 2020, defendant Hine issued an "Administrative Determination," in which it was concluded that professors Rosales and Bond had not misused funds or District resources and that plaintiffs had "engaged in unprofessional conduct, as defined in Section A.3 of Article Four of the CCA collective bargaining agreement, in their statements and allegations regarding misuse and misappropriation of grant funds by Dr. Rosales and Professor Bond." (*Id.* at ¶ 9.) The Determination also stated that the District "will investigate any further complaints of policy and procedure violations and, if applicable, will take

appropriate remedial action, including but not limited to any discipline determined to be appropriate." (*Id.*)

In this civil action, plaintiffs allege that defendant Hine, at defendant Thomas J. Burke's urging, inappropriately responded to Professor Rosales and Professor Bond's complaints of misconduct against plaintiffs by commissioning the third-party investigation and issuing the "Administrative Determination." (Doc. No. 1 at ¶ 11.) As plaintiffs allege, each of their causes of action "relat[es] to the investigation and discipline, and threat of further discipline." (*Id.* at ¶ 50.)

Plaintiffs filed their initial complaint in this action on May 25, 2021. (*Id.*) Therein, plaintiffs assert six causes of action: (1) violation of plaintiffs' First Amendment right to freedom of speech; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) negligence; (5) intentional infliction of emotional distress; and (6) seeking a declaratory judgment pursuant to 28 U.S.C. § 2201. (*Id.*)

On August 13, 2021, defendants filed their motion to strike plaintiffs' complaint pursuant to California's anti-SLAPP statute. (Doc. No. 9.) Defendants contend that plaintiffs' state law causes of action (claims two, three, four, and five) are subject to California's anti-SLAPP statute. (*Id.* at 10.) On December 21, 2021, plaintiffs filed their opposition to defendants' motion to strike. (Doc. No. 24.) On December 28, 2021, defendants filed their reply thereto. (Doc. No. 25.)

On December 20, 2021, plaintiffs filed a motion seeking leave to file a first amended complaint, which they represent would no longer include their previously asserted state law causes of action. (Doc. No. 21.) On January 4, 2022, defendants filed their opposition to plaintiffs' motion seeking leave to amend. (Doc. No. 26.) On January 11, 2022, plaintiffs filed their reply thereto. (Doc. No. 28.)

**LEGAL STANDARD**

**A.     Leave to Amend**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after

3

service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a).  Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent.  *Id.*

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires."  *Id.*  Nevertheless, leave to amend need not be granted when the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.  *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)).  "Prejudice to the opposing party is the most important factor."  *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)).  "The party opposing leave to amend bears the burden of showing prejudice."  *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)); *see Clarke v. Upton*, 703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010); *see also Alzheimer's Inst. of Am. v. Elan Corp.*, 274 F.R.D. 272, 276 (N.D. Cal. 2011).

With regard to futility of amendment, "[t]he proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) or (f):  if there is no set of facts which could be proved under the amendment to the pleadings which would constitute a valid and sufficient claim or defense, leave should be denied."  *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978) (citing 3 Moore's Federal Practice P. 15.08(4) (2d ed. 1974)).

**B.    Motion to Strike:  California's Anti-SLAPP Statute**

California's anti-SLAPP statute authorizes the pre-trial dismissal of "SLAPPs" ("Strategic Lawsuits against Public Participation").  Cal. Civ. Proc. Code § 425.16; *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001).  The statute aims to identify, early in the litigation process, "meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation."  *Metabolife*, 264 F.3d at 839.  The California legislature enacted § 425.16 to provide a remedy for the "disturbing increase in lawsuits brought primarily to chill the valid

4

exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code § 425.16(a); *see also Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 59 (2002). SLAPP suits are civil lawsuits "aimed at preventing citizens from exercising their political rights or punishing those who have done so." *Simpson Strong-Tie Co. v. Gore*, 49 Cal. 4th 12, 21 (2010). Section 425.16(a) also directs that the statute shall be broadly construed. *Rohde v. Wolf*, 154 Cal. App. 4th 28, 35 (2007).

A defendant opposing a SLAPP claim may bring a special motion to strike any cause of action "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1). The so-called "anti-SLAPP" statute provides a means of quickly identifying and eliminating SLAPP actions through early dismissal. Because SLAPP suits seek to deplete "the defendant's energy" and drain "his or her resources," the legislature sought "to prevent SLAPPs by ending them early and without great cost to the SLAPP target." *Kibler v. N. Inyo Cnty. Local Hop. Dist.*, 39 Cal. 4th 192, 197 (2006) (citations omitted). "Thus, in promulgating section 425.16, the California legislature provided that a 'special motion to strike may be brought early in the lawsuit and that discovery ordinarily may not proceed unless and until the court finds that the [plaintiff's] suit has a probability of success.'" *Aeroplate Corp. v. Arch Ins. Co.*, No. 06-cv-1099-AWI-SMS, 2006 WL 3257487, at *3 (E.D. Cal. Nov. 9, 2006) (quoting *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 976 (C.D. Cal. 1999)).

"Special procedural rules apply where an anti-SLAPP motion is brought in federal court." *Bulletin Displays, LLC v. Regency Outdoor Adver., Inc.*, 448 F. Supp. 2d 1172, 1180 (C.D. Cal. 2006); *see also Hopscotch Adoptions, Inc. v. Kachadurian*, No. 09-cv-2101-LJO-MJS, 2011 WL 587357, at *3 (E.D. Cal. Feb. 9, 2011). Federal courts must apply federal standards when considering motions brought pursuant to § 425.16. *Rogers*, 57 F. Supp. 2d at 982. "If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies." *Id.* at 983.

/////

Although a § 425.16 special motion to strike does not apply to federal claims presented in a federal court proceeding, *see Bulletin Displays, LLC*, 448 F. Supp. 2d at 1182, the anti-SLAPP statute does apply to "state law claims that federal courts hear pursuant to their diversity jurisdiction." *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 (9th Cir. 2010).

A court considering a motion to strike under California's anti-SLAPP statute must engage in a two-part inquiry. First, a defendant must make an initial *prima facie* showing that the plaintiff's suit arises from activity protected by the anti-SLAPP statute. Cal. Civ. Proc. Code § 425.16 (b)(1). In determining whether the defendant has made this required showing, the California Supreme Court has stressed that "the critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech." *City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002). Second, "[i]f the defendant is able to make this threshold showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." *Sanchez v. Law Office of Armo*, No. 1:20-cv-00163-NONE-SKO, 2021 WL 1214559, at *13 (E.D. Cal. Mar. 31, 2021) (citing *Brill Media Co. v. TCW Grp., Inc.*, 132 Cal. App. 4th 324, 328 (2005)), *adopted by* 2021 WL 2292779 (E.D. Cal. June 4, 2021). Accordingly, a plaintiff must show that the claim "is both legally sufficient and supported by a sufficient *prima facie* showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 746 (2003). Claims as to which a plaintiff is able to satisfy this burden are "not subject to being stricken as a SLAPP." *Id.*; *see also Roderick v. Weissman*, No. 1:11-cv-02093-LJO-DLB, 2012 WL 639463, at *2 (E.D. Cal. Feb. 24, 2012).

## ANALYSIS

**A.     Plaintiffs' Motion Seeking Leave to Amend**

Through their pending motion, plaintiffs seek to amend their complaint in the following ways: (1) by dropping their the state law claims; (2) adding two additional individual defendants—Vice President of Bakersfield College Billi Jo Rice and Chancellor of Kern Community College District Sonya Christian; and (3) by separating their claims for the violation of their First Amendment rights into claims brought against defendants in their individual

1    capacities and in their official capacities. (Doc. No. 21 at 5.) Plaintiffs contend that their
2    proposed first amended complaint ("FAC") is timely and does not cause any prejudice to
3    defendants. (*Id.*)

4    In their opposition to plaintiffs' motion, defendants first argue that they will be severely
5    prejudiced if the court permits plaintiffs to withdraw their state-law claims from this action
6    without affording defendants the attorneys' fees incurred in bringing their pending anti-SLAPP
7    motion. (Doc. No. 26 at 9.) Second, defendants contend that they will be prejudiced if plaintiffs
8    are permitted to add two new defendants because in doing so plaintiffs are "drastically expanding
9    the facts and occurrences at issue—none of which involve the facts and occurrences related to
10   Defendants Hine and Burke." (*Id.* at 11.) Third, defendants assert that the newly added claims
11   against proposed defendants Rice and Christian are based on facts that plaintiffs knew of before
12   they filed their original complaint, suggesting that plaintiffs unduly delayed in proposing their
13   FAC. (*Id.* at 12.) Fourth, defendants contend that any amendment to plaintiffs' complaint would
14   be futile because their new claims are barred by the applicable statute of limitations. (*Id.* at 13.)
15   Specifically, defendants point out that 42 U.S.C. § 1983 claims brought in California are subject
16   to a two-year statute of limitations. (*Id.*) (citing *Taylor v. Regents of Univ. of California*, 993
17   F.2d 710, 711 (9th Cir. 1993)).[2] According to defendants, plaintiffs' new claims are based on
18   events that occurred over two years ago and plaintiffs' proposed new allegations "do not relate
19   back to the date Plaintiffs filed the original complaint because the new allegations are unrelated to
20   the facts alleged in the original complaint." (*Id.* at 14.) Moreover, defendants argue that
21   plaintiffs cannot establish that the two newly proposed defendants were on notice that they would
22   or could be defendants in this action, as is required pursuant to Federal Rule of Civil Procedure
23   15. (*Id.*) Lastly, defendants argue that leave to amend should be denied because plaintiffs seek to
24   file their FAC in bad faith. (*Id.* at 15.) Defendants contend in this regard that the proposed

---

[2] Actions brought under § 1983 are generally governed by the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In California, a two-year statute of limitations applies. *See* Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927 (stating that the statute of limitations for 42 U.S.C. § 1983 claims is governed by the forum state's statute of limitations for personal injury claims, and that, effective January 1, 2003, the applicable statute of limitations under California law is now two years).

amendments "are a thinly veiled attempt to retaliate against the District for filing the anti-SLAPP motion and then rejecting Plaintiffs' request to let them amend the complaint and escape the consequences of the anti-SLAPP motion." (*Id.* at 16.) For example, defendants note that the additional allegations "not only bring[] additional high-level administrators into the lawsuit, but make[] the lawsuit more expensive for the current Defendants because they will need to seek bifurcation of the unrelated allegations." (*Id.*)

In their reply, plaintiffs respond that defendants will not suffer any prejudice with respect to their anti-SLAPP motion because binding Ninth Circuit precedent "permits an amended complaint irrespective of a pending anti-SLAPP motion." (Doc. No. 28 at 6.) Plaintiffs further argue that the addition of Billie Jo Rice and Sonya Christian as named defendants in this action will not prejudice the current defendants because the proposed FAC "clearly alleges that Plaintiffs' claims against proposed Defendants Rice and Christian also arise out of further acts of retaliation all stemming from [plaintiffs'] exercise of their First Amendment rights on September 12, 2019." (*Id.* at 7.) Plaintiffs similarly contend that they have not unduly delayed in seeking leave to amend because their new allegations are "based upon the further review of documents following the commencement of this action." (*Id.* at 9.) Finally, plaintiffs stress that their proposed FAC "contains allegations against Rice for retaliatory misconduct occurring in March 2021 and against Christian occurring in August 2020 and March 2021," which would prevent the two-year statute of limitations from having run as to any claims arising out of those later actions. (*Id.* at 10.)

As an initial matter, Ninth Circuit precedent does allow for plaintiffs to amend their complaint in response to an anti-SLAPP motion to strike. *See Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004) ("[G]ranting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment."); *see also id.* ("If the offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available to defendants.") Accordingly, plaintiffs here will be granted leave to amend to the

/////

extent they seek to withdraw their state law causes of action that are the subject of defendants' anti-SLAPP motion.

However, plaintiffs also seek to add Vice President Rice and Chancellor Christian as party defendants to this action. (*See generally* Doc. No. 21-3.) To add a new party to a complaint and relate the amended complaint back to the date of the original pleading, the amendment must arise "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading" and the amending party must establish that "the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c). The latter two requirements must be satisfied "within the period provided by Rule 4(m) for serving the summons and complaint," Fed. R. Civ. P. 15(c)(1)(C)—that is, within 90 days after the original complaint is filed. Fed. R. Civ. P. 4(m). Plaintiffs have offered no persuasive arguments suggesting that proposed defendants Rice and Christian "received notice of the action" or "knew or should have known that the action would have been brought against [them], but for a mistake concerning" their identity with respect to any of plaintiffs' allegations. Thus, plaintiffs have not met Rule 15's requirements in order to relate their proposed new claims back to the filing date of their initial complaint. As recognized above, the statute of limitations applicable to plaintiffs' proposed § 1983 claims against Rice and Christian is two years. Because none of plaintiffs' allegations with respect to Rice and Christian would relate back to the filing date of their original complaint, those allegations would have to have occurred within two years of the filing date of plaintiffs' motion seeking leave to file a FAC. *See Yablonsky v. Cal. Dep't. of Corr. & Rehab.*, No. 18-cv-1122-AGS, 2021 WL 2952934, at *1 (S.D. Cal. July 13, 2021) (finding that plaintiff's claims against new proposed defendants were time barred because he "moved to amend to add these defendants . . . months after [the] deadline passed"). At least some of plaintiffs' allegations with regard to Rice and Christian stem from events that occurred over two years ago. Nevertheless, as plaintiffs point out, their proposed FAC also includes allegations against Rice and Christian for actions that were purportedly taken in August 2020, March 2021, and September 2021, which

9

would have been within the applicable two year statute of limitations period. (*See* Doc. Nos. 1 at ¶ 61–63; 28 at 10.) Therefore, to the extent plaintiffs base their proposed FAC on those later alleged acts, plaintiffs will be granted leave to amend.

In the court's view, plaintiffs have not engaged in undue delay. "[I]n evaluating undue delay, we inquire 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *Amerisource Bergen Corp.*, 465 F.3d at 953 (quoting *Jackson*, 902 F.2d at 1388). Plaintiffs aver that Rice's and Christian's alleged actions were taken after the filing of their initial complaint and otherwise within the applicable statute of limitations period. Such allegations provide no basis upon which for the court to suspect undue delay on the part of plaintiffs. This conclusion is bolstered by counsel for plaintiffs' declaration that he unsuccessfully sought a stipulation to permit the filing of a first amended complaint in August of 2021, which was followed by several months of settlement discussions and engagement in mediation by the parties. (Doc. No. 21-1 at 2–3.) Plaintiffs apparently did not file their motion seeking leave to amend until after those efforts proved unsuccessful. Accordingly, the court does not find that plaintiffs' have acted in bad faith in moving for leave to amend.

For the reasons stated above, the court will therefore grant in part and deny in part plaintiffs' motion seeking leave to amend. Plaintiffs will be granted leave to withdraw their state-law claims and to add Rice and Christian as named defendants in this action. However, because the filing date of their FAC will not relate back to the filing date of their initial complaint, plaintiffs' claims and allegations with respect to defendants Rice and Christian must be based upon alleged actions taken within two years of the date that plaintiffs filed their pending motion seeking leave to amend.

**B.      Defendants' Motion to Strike Pursuant to California's Anti-SLAPP Statute**

"[D]efendants sued in federal court can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail." *Verizon Delaware, Inc.*, 377 F.3d at 1091.

/////

/////

California's anti-SLAPP statute states:

> "[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion."

Cal. Civ. Proc. Code § 425.16(c). "[W]here the plaintiff voluntarily dismisses an alleged SLAPP suit while a special motion to strike is pending, the trial court has discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees under" § 425.16(c). *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 107 (1998).

> [T]he critical issue is which party realized its objectives in the litigation. Since the defendant's goal is to make the plaintiff go away with its tail between its legs, ordinarily the prevailing party will be the defendant. The plaintiff, however, may try to show it actually dismissed because it had substantially achieved its goals through a settlement or other means, because the defendant was insolvent, or for other reasons unrelated to the probability of success on the merits.

*Coltrain*, 66 Cal. App. 4th at 107.

Here, plaintiffs' state-law claims were the subject of the pending special motion to strike brought pursuant to California's anti-SLAPP statute. (*See* Doc. No. 9.) In response, plaintiffs moved for leave to amend so as to remove those challenged state-law claims. As addressed above, the court will permit plaintiffs to amend their complaint so as to remove the state-law claims that are the subject of defendants' anti-SLAPP motion. As such, defendants' motion to strike those claims will be denied at this time as having been rendered moot. Nevertheless, defendants argue that "a defendant remains entitled to fees and costs related to its anti-SLAPP motion even after the plaintiff either (1) voluntarily dismisses the claims subject to the anti-SLAPP motion or (2) is permitted to amend its complaint following the filing of the anti-SLAPP motion but preceding the hearing and ruling on the motion." (Doc. No. 26 at 17) (citing *L. Offs. of Bruce Altschuld v. Wilson*, 632 F. App'x 321, 323 (9th Cir. 2015) ("Where the plaintiff dismisses the alleged SLAPP before the court rules on a pending motion to strike, the mooting of the merits of the motion does not bar a defendant from recovering attorneys' fees.")).

As an initial matter, the court concludes that plaintiffs' amendment of the complaint to remove their state-law claims "is tantamount to a voluntary dismissal" of those claims. *See*

11

*Fleming v. Coverstone*, No. 08-cv-355-WQH-NLS, 2009 WL 764940, at *6 (S.D. Cal. Mar. 18, 2009). California courts disagree, however, as to how the prevailing party should be determined in the context of such a voluntary dismissal. The California Court of Appeal has held that it is within a trial court's discretion to award attorneys' fees if the court determines that the defendant achieved its objectives in the litigation. *Coltrain*, 66 Cal. App. 4th at 107 ("We conclude that where the plaintiff voluntarily dismisses an alleged SLAPP suit while a special motion to strike is pending, the trial court has discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees under . . . section 425.16(c).") In *Moore v. Liu*, the state appellate court "agree[d] with the *Coltrain* court's conclusion that a plaintiff's voluntary dismissal of a suit, after a section 425.16 motion to strike has been filed, neither automatically precludes a court from awarding a defendant attorney's fees and costs under that section, nor automatically requires such an award." 69 Cal. App. 4th 745, 753 (1999). However, unlike the court in *Coltrain*, the state appellate court in *Liu* concluded that courts are tasked with considering the *merits* of the anti-SLAPP motion even though they no longer have jurisdiction to actually rule on the motion. *See id.* at 751 ("We hold that a defendant who is voluntarily dismissed . . . after filing a section 425.16 motion to strike, is nevertheless entitled to have the merits of such motion heard as a predicate to a determination of the defendant's motion for attorney's fees and costs[.]"); *see also Tourgeman v. Nelson & Kennard*, 222 Cal. App. 4th 1447, 1457 (2014). Otherwise, the appellate court reasoned, "a plaintiff's voluntary dismissal of the action could have the effect of (1) depriving a true SLAPP defendant of statutorily authorized fees, or (2) entitling a defendant to such relief in a non-SLAPP action which was dismissed by the plaintiff for entirely legitimate reasons. In both situations, the purpose of the statute's remedial provisions would be frustrated." *Liu*, 69 Cal. App. 4th at 752–53.

Despite this arguable conflict among California state appellate courts as to whether the merits of an anti-SLAPP motion should be considered in ruling on attorneys' fees under the governing statute, "[f]ederal courts have generally followed *Coltrain*, which provides a pragmatic approach to avoid the 'inappropriate . . . waste of scarce judicial resources to determine who would have won a voluntarily dismissed action.'" *Mireskandari v. Mail*, No. 12-cv-02943-

MMM-FFM, 2014 WL 12561581, at *6 (C.D. Cal. Aug. 4, 2014) (quoting *Ryans v. Editions Ltd. West, Inc.*, No. 06-cv-4812-PVT, 2007 WL 2778408, at *3 (N.D. Cal. Sept. 21, 2007) ("*Coltrain* states that a court should make a pragmatic determination of which side achieved their objectives.")); *see also Plevin v. City and County of San Francisco*, No. 11-cv-2359-MEJ, 2013 WL 2153660, at *7 (N.D. Cal. May 16, 2013); *Art of Living Found. v. Does 1-10*, No. 5:10-cv-05022-LHK, 2012 WL 1565281, at *25 (N.D. Cal. May 1, 2012); *Fleming*, 2009 WL 764940, at *6; *Clear Channel Outdoor, Inc. v. Lee*, No. 08-cv-2955-PJH, 2009 WL 57110, at *2 (N.D. Cal. Jan. 8, 2009). *But see Pandora Jewelry, LLC v. Bello Paradiso, LLC*, No. 08-cv-3108-LKK-DAD, 2009 WL 1953468, at *4–5 (E.D. Cal. July 1, 2009) (applying both *Coltrain* and *Liu*, and concluding that both led to the same result on the facts of that case). In light of the predominant approach adopted by other district courts, the undersigned will apply the holding in *Coltrain* in determining the prevailing party as to the state law claims that have been voluntarily dismissed by plaintiffs in this action.[3]

Here, to the extent plaintiffs' proposed FAC seeks to withdraw their state-law claims, plaintiffs have not shown that the purpose behind that amendment is anything other than to dismiss frivolous claims. Neither have plaintiffs demonstrated that they pursued this amendment because they have substantially achieved their goals through settlement or for other reasons unrelated to the probability of success on the merits of the abandoned claims. *Coltrain*, 66 Cal.

---

[3] Were the court to rule on the merits of defendants' anti-SLAPP motion, it would have to engage in a two-part inquiry. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003). First, defendants would be required to make a *prima facie* showing that plaintiffs' suit "arises from an act in furtherance of the [defendants'] rights of petition or free speech." *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010). "Second, once the defendant has made a *prima facie* showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." *Id.* Here, plaintiffs did not dispute that defendants met their burden as to the first step. At the second step, the burden shifts to plaintiffs to show a probability of prevailing on their state law claims. Here, rather than show a probability of prevailing, plaintiffs rested their entire opposition to the anti-SLAPP motion on their argument that they were now dismissing their state law claims and thus the anti-SLAPP motion should be considered moot. Accordingly, even if the court were to consider the merits of the anti-SLAPP motion, defendants would still be entitled to the award of attorneys' fees due to plaintiffs' failure to adequately oppose the merits of defendants' motion.

App. 4th at 107. Indeed, plaintiffs' opposition to defendants' anti-SLAPP motion does not dispute that their state law causes of action fall within the scope of the anti-SLAPP statute and are frivolous. (*See generally* Doc. No. 24.)[4] The court will therefore grant defendants' request for the award of attorneys' fees.

Notably, however, defendants have not provided any showing as to the amount of attorneys' fees they incurred in bringing their anti-SLAPP motion. The burden of establishing entitlement to an attorneys' fee award lies solely with the claimant. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Accordingly, the court will set a briefing schedule directing the parties to file supplemental briefing addressing the reasonable amount of attorneys' fees that should be awarded in this case.

**CONCLUSION**

For the reasons set forth above:

1.  Plaintiffs' motion seeking leave to file a first amended complaint (Doc. Nos. 18, 21) is granted in part and denied in part as follows:

    a.  Plaintiffs may withdraw their state law claims and may add proposed defendants Rice and Christian;

/////

---

[4] Plaintiffs cite the decision in *Sanchez v. Law Office of Armo*, No. 1:20-cv-00163-NONE-SKO, 2021 WL 1214559, at *13 (E.D. Cal. Mar. 31, 2021) (citing *Brill Media Co. v. TCW Grp., Inc.*, 132 Cal. App. 4th 324, 328 (2005)), *adopted by* 2021 WL 2292779 (E.D. Cal. June 4, 2021), for the proposition that a court should not grant attorneys' fees when a motion seeking leave to amend is filed and granted in response to an anti-SLAPP motion. (Doc. No. 24 at 10.) However, plaintiffs misunderstand the reasoning in *Sanchez* that was adopted by the undersigned. In that case, the reason that attorneys' fees were not rewarded was that plaintiff was being given another opportunity to properly plead the claims that were the very subject of the anti-SLAPP motion. Here, on the other hand, plaintiffs do not seek another opportunity to plead their state law claims, they seek to dismiss them completely. As such, defendants have clearly "prevailed" on their anti-SLAPP motion as far as those state law claims are concerned. *See, e.g.*, *Shahid Buttar for Congress Committee v. Hearst Communications, Inc.*, No. 21-cv-05566-EMC, 2022 WL 1215307, at *12 (N.D. Cal. Apr. 25, 2022) (concluding that "although it appears unlikely" that plaintiffs will be able to cure the deficiencies in their complaint, "in light of the Ninth Circuit's holding that a Plaintiff in federal court be granted leave to amend their initial complaint before it is dismissed with prejudice under a state law anti-SLAPP statute, the Court grants Plaintiffs leave to amend and withholds ruling that the Defendants are entitled to fees under the anti-SLAPP statute at this juncture.").

1             b.      Plaintiffs may not include any allegations or claims in their first amended complaint with respect to Rice and Christian that fall outside of the applicable two-year statute of limitations period;

            c.      Plaintiffs shall file their first amended complaint in compliance with this order within twenty-one (21) days;

2. Defendants' motion to strike pursuant to California's anti-SLAPP statute (Doc. No. 9) is denied as having been rendered moot;

3. Defendants' request for attorneys' fees (Doc. No. 9) is granted; and

4. Within fourteen (14) days of this order, defendants are directed to file supplemental briefing making a showing as to the reasonable costs and fees incurred in the bringing of their anti-SLAPP motion. Plaintiffs' may file a response, if any, to defendants' supplemental briefing within fourteen (14) days after defendants file their supplemental brief.

IT IS SO ORDERED.

Dated:    **June 7, 2022**                  _/s/ Dale A. Drozd_
                                                            UNITED STATES DISTRICT JUDGE