1  ARTHUR I. WILLNER, State Bar No. 118480
   awillner@leaderberkon.com
2  LEADER BERKON COLAO & SILVERSTEIN LLP
   550 S. Hope Street, Suite 1850
3  Los Angeles, CA 90071
   Telephone: (213) 234-1750
4  Facsimile:  (213) 234-1747

5  **ATTORNEYS FOR PLAINTIFFS**
   MATTHEW GARRETT, Ph.D. and PROFESSOR ERIN
6  MILLER

7

8

9              **UNITED STATES DISTRICT COURT**

10         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12  MATTHEW GARRETT, PH.D., an         | Case No. 1:21-cv-00845-ADA-CDB
    individual, and PROFESSOR ERIN
13  MILLER, an individual,

14         Plaintiffs,                 | **PLAINTIFFS' REQUEST FOR
                                         JUDICIAL NOTICE IN SUPPORT
15                                       OF ITS OPPOSITION TO
       vs.                               DEFENDANTS' MOTION TO
16                                       DISMISS SECOND AMENDED
                                         COMPLAINT; DECLARATION OF
17  CHRISTOPHER W. HINE, General         ARTHUR I. WILLNER; EXHIBITS
    Counsel of the Kern Community College A-D**
18  District, in his individual and official
    capacities; THOMAS J. BURKE,
19  Chancellor of the Kern Community
    College District, in his individual and
20  official capacities; and DOES 1
    THROUGH 50, inclusive,             | Honorable Christopher D. Baker
21
22         Defendants.
                                         **Hearing Date: TBD**
23

24

25

26

27

28

*Leader Berkon Colao & Silverstein LLP*
*Attorneys at Law*

1   Plaintiffs Matthew Garrett, Ph.D. and Professor Erin Miller hereby request,
2   pursuant to Rule 201 of the Federal Rules of Evidence, that the Court take judicial
3   notice of the following in connection with their Opposition to Defendants' Notice
4   of Motion and Motion to Dismiss Plaintiffs' Second Amended Complaint:

5       1.    Exhibit A:  The Board of Trustees of The Kern Community College
6   District Statement of Charges In the Matter of the Dismissal of Matthew Garrett, A
7   Tenured Academic Employee;

8       2.    The Statement of Charges seeks the dismissal of Dr. Garrett's
9   employment with Kern Community College District; and

10      3.    The existence of the allegations set forth in the Statement of Charges.

## DISCUSSION

12  Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be
13  one not subject to reasonable dispute in that it is either: (1) generally known within
14  the territorial jurisdiction of the trial court; or (2) capable of accurate and ready
15  determination by resort to sources whose accuracy cannot be reasonably
16  questioned."  Furthermore, a court "shall take judicial notice if requested by a party
17  and supplied with the necessary information."  *See* Fed. R. Evid. 201(d); *Mullis v.*
18  *United States Bank*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987).  The court may take
19  judicial notice of matters of public record, but "it cannot take judicial notice of
20  disputed facts contained in such public records."  *Khoja v. Orexigen Therapeutics,*
21  *Inc.*, (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615, 204 L.
22  Ed. 2d 264 (2019) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.
23  2001).

24  Plaintiffs request that this Court take judicial notice of the Board of Trustees
25  of the Kern Community College District's ("KCCD") Statement of Charges
26  regarding In the Matter of the Dismissal of Matthew Garrett, A Tenured Academic
27  Employee (Declaration of Arthur I. Willner, "Willner Decl.," ¶ 2; Exhibit A), that

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

- 2 -

the Statement of Charges seeks Dr. Garrett's dismissal from his employment with KCCD, and the specific allegations set forth therein asserted by KCCD against Dr. Garett.  Although Dr. Garrett disputes virtually all of the factual allegations contained in the Statement of Charges, plaintiffs do not request judicial notice of disputed facts – only that the charges have been made.

On March 21, 2023, Dr. Garrett emailed KCCD Board of Trustees President Romeo Agbolog requesting the opportunity to formally respond to the Board's charges at its April 13, 2023 public Board Meeting.  (Willner Decl., ¶¶ 3-5; Exhibits B-D.)

The Statement of Charges is a matter of public record of which this Court may take judicial notice.  *See Perry v. Viloria*, Case No. SACV 19-2381 JVS (JDEx), 2020 WL 6145102, at *3 (C.D. Cal. Sept. 17, 2020) (granting defendant's request for judicial notice of a school district's bylaws and schoolboard's resolution, as these documents are "all matters of public record, not subject to reasonable dispute.")  Moreover, it is Dr. Garrett's understanding that the Board of Trustees intends to address the Statement of Charges at its April 13, 2023 public hearing and he has asked to respond to the charges at that public meeting.

Therefore, the existence of the Statement of Charges, the fact that it seeks Dr. Garrett's dismissal, and the allegations contained therein (irrespective of any factual disputes) are matters of public record and are not subject to reasonable dispute.  It constitutes information that is being made publicly available by a government entity (the community college district) and its authenticity is not in question.  *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

///

///

///

///

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

1    For the reasons set forth herein, the above items meet the requirements of

2 Fed. R. Evid. 201(b)(2) and the Court must take judicial notice of them.

3

4 DATED: March 21, 2023          LEADER BERKON COLAO &
                                 SILVERSTEIN LLP
5

6

7                          By:  /s/ Arthur I. Willner
                                Arthur I. Willner, SBN 118480
8                               awillner@leaderberkon.com
                                Attorneys for Plaintiffs MATTHEW GARRETT,
9                               PH.D. and PROFESSOR ERIN MILLER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs'  Request for Judicial Notice
Case No. **1:21-cv-00845-ADA-CDB**

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

## <u>DECLARATION OF ARTHUR I. WILLNER</u>

I, Arthur I. Willner, declare as follows.

1.      I am an attorney at law licensed to practice before all the courts of the State of California including in the Eastern District of California.  I am counsel of record for plaintiffs Matthew Garrett, Ph.D. and Professor Erin Miller in this action. I am the attorney primarily responsible for the representation of plaintiffs in this matter.  If called upon to testify, I could and would competently do so based on my personal knowledge as follows.

2.      Attached as Exhibit "A" is a true and complete copy of the Board of Trustees of The Kern Community College District's ("KCCD") Statement of Charges regarding In the Matter of the Dismissal of Matthew Garrett, A Tenured Academic Employee.

3.      Attached as Exhibit "B" is a true and complete copy of an email sent by Matthew Garrett on May 21, 2023 to Romeo Agbalog, President of the KCCD Board of Trustees.

4.      Attached as Exhibit "C" is a true and complete copy of a page from the KCCD website that I downloaded on March 21, 2023 reflecting the Romeo Agbalog is the current President of the Board of Trustees.

5.      Attached as Exhibit "D" is a true and complete copy of a page from the KCCD website that I downloaded on March 21, 2023 reflecting that the "Next Regular Board Meeting" will take place on April 13, 2023.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.  Executed on March 21, 2023 at Los Angeles, California.

Arthur I. Willner

- 5 -

Plaintiffs' Request for Judicial Notice
Case No. **1:21-cv-00845-ADA-CDB**

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

# EXHIBIT A

## THE BOARD OF TRUSTEES OF

## THE KERN COMMUNITY COLLEGE DISTRICT

| | |
|---|---|
| In the Matter of the Dismissal of Matthew Garrett<br><br>A Tenured Academic Employee | **STATEMENT OF CHARGES** |

Matthew Garrett is a tenured academic employee of Kern Community College District ("District"). The District bases Garrett's dismissal from employment on the following causes in violation of Education Code sections 87732 and 87735:

   a. Immoral or unprofessional conduct (Ed. Code, § 87732, subd. (a); Ed. Code, § 87735);

   b. Dishonesty (Ed. Code, § 87732, subd. (b));

   c. Unsatisfactory performance (Ed. Code, § 87732, subd. (c));

   d. Evident unfitness for service (Ed. Code, § 87732, subd. (d));

   e. Persistent violation of, or refusal to obey, the school laws of the state or reasonable regulations prescribed for the government of the community colleges by the board of governors or by the governing board of the community college district employing him or her (Ed. Code, § 87732, subd. (f)); and

   f. Willful refusal to perform regular assignments without reasonable cause, as prescribed by reasonable rules and regulations of the employing district. (Ed. Code, § 87735.)

### CAUSES/GROUNDS FOR DISCIPLINE

The facts below demonstrate that Professor Garrett violated each of the grounds of Education Code section 87732 described above and the District should dismiss him from employment with the District.

This proposal is not dependent upon a determination that Garrett violated each of the grounds above or that he committed all the acts or omissions listed below. The violation of any single charge by Garrett would support the recommendation of dismissal from employment.

1

10353444.19 KE020-111

## CAUSES/FACTS SUPPORTING DISCIPLINE

The facts demonstrating a violation of each of the causes for the dismissal of Matthew Garrett are as follows.

1. Matthew Garrett has been a tenured academic employee with the Kern Community College District at Bakersfield College since the beginning of the 2015-16 Academic year.

2. On November 21, 2022, Garrett received a Notice to Correct Deficiencies pursuant to Education Code section 87734. The Notice advised Garrett that the District must give him at least 90 days' notice prior to initiating formal disciplinary proceedings for unprofessional conduct and unsatisfactory performance. The Notice provided Garrett with sufficient information to understand the nature of his unprofessional conduct and unsatisfactory performance. Attached to these Charges, as Exhibit 1, is a true and correct copy of the November 21, 2022 Notice to Correct Deficiencies and its attached exhibits. The following specific examples illustrated his unprofessional conduct:

    a. On May 19, 2019, Garrett defended vandalism at Bakersfield College in an Op-Ed in the Bakersfield College. In the piece, he characterized the Hundred Handers as "an anonymous conservative protest group that opposes immigration and other modern liberal agendas." He was critical of the College's characterization of the stickers and suggested that the First Amendment protected their content. Garrett disregarded the impact of this attack on the student and the campus community. He took issue with Bakersfield College's characterization of "hate speech" and "vandalism." Garrett went further to suggest that certain terms such as "Cultural Marxism" weren't "hate speech" but instead speech that challenges a dominant agenda on campus, i.e. the social justice movement. (See, Exhibit "1," p. 20.)

    b. On November 19, 2019, Garrett accused his colleagues Oliver Rosales and Andrew Bond for violating KCCD board policy. He alleged that the college misused grant funds by funding a propaganda website.

        i. The District retained third-party investigator Ren Nosky to investigate the complaint, which generated a determination that Garrett acted unprofessionally.

            1. The investigators concluded that Garrett's accusations were "misleading or outright wrong" and Garrett "made the situation worse by repeating the allegations on a radio station after Dr. Rosales and Professor Bond properly complained." (See, Exhibit "1," p. 30.)

            2. The investigator concluded, "The allegations that Professors Rosales and Bond engaged in financial improprieties with respect to grant funding are unfounded." (See, Exhibit "1," p. 29.)

2

10353444.19 KL020-111

        3. The investigator concluded, "The allegations that Professors Garrett and Miller unprofessionally accused Professors Rosales and Bond of financial improprieties with respect to grant funding are sustained." (See, Exhibit "1," p. 30.)

    ii. Garrett was notified that his complaint was unsubstantiated and that his allegations were unprofessional. He was sent the administrative determination on October 8, 2020. (See, Exhibit "1," p. 26.)

    iii. Despite this finding, Garrett continued to repeat this knowingly false and demonstrably false misrepresentation.

c. On September 8, 2021, Garrett violated campus COVID guidelines by unilaterally changing a planned online event to a face-to-face format, which violated campus COVID event procedures. This move circumvented standard event scheduling protocol and demonstrated a continuous pattern of unprofessional conduct and dishonesty. He *persisted in his demand to violate* campus practice and threatened his Dean with a public outcry for refusal to approve his requested change. This violation constitutes a persistent refusal to obey school policy. (See, Exhibit "1," p. 32.)

d. Despite acknowledging that the college had only approved a Zoom event, Garrett persisted in dishonestly claiming that the College had canceled the event and portrayed the College's actions as an attempt to censor his event, because of his political beliefs. This assertion is untrue. (See, Exhibit "1," p. 32.)

    i. The College had approved the guest speaker for an online event. In addition, the Administration has approved other conservative speakers sponsored by Garrett's organization the Renegade Institute for Liberty (RIFL) as requested by Garrett. Sample events include a screening of the film "Uncle Tom: An Oral History of the American Black Conservative" and "Taboo: Race and Other Topics You Just Can't Talk About" a speech by Dr. Wilfred Reilly. Attached to these Charges, as Exhibit 2, is a true and correct copy of a list of RIFL's past events from October 11, 2018 through October 11, 2022.

    ii. Garrett filed an EthicsPoint grievance against his Dean to include a knowingly false claim of discrimination. Garrett alleged that Dean McCrow discriminated against him by denying authorization for the in-person speaker event on campus. Garrett claimed Dean McCrow discriminated against him based on the political viewpoint Garrett wanted to present at the event. Garrett's allegations against his Dean were investigated and found to be unsubstantiated. Attached to these Charges, as Exhibit 3, is a true and correct copy of the August 24, 2022 Administrative Determination Regarding Garrett's Viewpoint Complaint.

3

10353444 19 KE020-111

      iii. His persistent dishonest claims against college administration are evidence of his unfitness for continued service as a public employee.

3. Garrett repeatedly made demonstrably false and misleading claims to disrupt District and College work by submitting false public accusations and making frivolous complaints of misconduct without providing any factual basis.

    a. These disruptions include:

        i. On April 20, 2022, Garrett publicly falsely accused Bakersfield College of violating the Education Code despite not producing evidentiary support. (See, Exhibit "1," p. 37.)

        ii. On May 4, 2022, Garrett publicly falsely accused the Equal Opportunity & Diversity Advisory Committee (EODAC) co-chairs of convening "secret meetings." (See, Exhibit "1," p. 41.)

        iii. On September 7, 2022, Garrett falsely alleged that the EODAC "has been consistently staffed by the administration with faculty who hold one particular point of view." (See, Exhibit "1," p. 43.)

        iv. On October 12, 2022, Garrett falsely accused Andrea Thorson, the faculty co-chair of EODAC, of verbally attacking another faculty member. Garrett wrote, "I am horrified to see the faculty chair continue that attack [on Ximena da Silva] in email." He continued, "I believe the committee chair owes the distinguished representative from chemistry an apology." (See, Exhibit "1," p. 45.)

        v. On October 16, 2022, Garrett attacked the BC curriculum committee. He sent an email to the Curriculum Committee intended to be his "Public Comment" regarding the Cesar E. Chavez Leadership Certificate and Landmarks in California courses. (See, Exhibit "1," p. 54.) Garrett made the following comments regarding these courses that many students and faculty at Bakersfield College desired:

          1. "[I]t is a high school field trip."

          2. "The course presents as openly partisan training for children."

        vi. On October 12, 2022, Garrett publicly attacked the proposed curriculum and disrupted the college curriculum process by sharing the email of the curriculum co-chairs via social media. Comparing the proposed Cesar E. Chavez Leadership Certificate to efforts to force students "to become LGBT," Garrett wrote, "In that same vein, here is the proposed Cesar Chavez/UFW appreciation course for high school dual enrollment that (if approved) would assign high school kids to read UFW activist essays and meet with unidentified 'stakeholders.' Garrett then shared the email of the

10353444.19 KE:020-111

curriculum co-chairs and encouraged public comments be sent by Monday at 2pm, which was not the policy of the committee. Attached to these Charges, as Exhibit 4, is a true and correct copy of Garrett's Facebook Comments with the Email Address.

b. On October 17, 2022, Garrett leveled a series of false and unsupported accusations within an EthicsPoint report regarding incidents from an October 11, 2022, EODAC meeting. (See, Exhibit "1," p. 59.) His accusations included the following examples of knowingly false and unprofessional comments:

   i. "Individual African American employees (mostly women) continued to impugn Dr. da Silva's reputation with false claims that she said they could not think for themselves."

   ii. "Ms. Thorson also stoked racial undercurrents by referring to her love for an African American employee (Angela Craft) who retired several years ago."

   iii. "I do believe it underscores my concern that racial tensions did exist, and that African American employees snapped at Dr. da Silva in part for racial reasons, making the attack a form of racial harassment."

   iv. "I sense some of the classified staff have some insecurity that that they are projecting on Dr. da Silva in this effort to smear and win favor to discipline her."

   v. "I believe Ms. Andrea Thorson has been key in manipulating and creating the crisis." Garrett added, "I would suspect but cannot prove that Ms. Andrea Thorson helped the classified staff make their Board remarks because (a) Ms. Andrea Thorson specializes in rhetoric, (b) she despises myself and others who she sees as political advisories [sic], and (c) the Board remarks were more articulate than the during committee comments, particularly in the case of Ms. Elizondo."

Within this complaint, Garrett again engaged in dishonesty by directing an investigation at Andrea Thorson, without any substantive evidence. Additionally, he impugned classified employees by accusing them of insecurity and suggesting an inability to be "articulate" before a committee.

c. On October 17, 2022, Garrett made a demonstrably false and misleading complain against a faculty colleague within EthicsPoint Complaint #457. Garrett alleged without evidence that a faculty member being concerned about racism on campus was guilty of "racial harassment" towards him. (See, Exhibit "1," p. 67.)

d. On October 18, 2022, Garrett falsely accused the curriculum co-chairs of conspiring to silence public comments. He asserted, "the Trustees have reversed your decision to withhold public comments from the committee." This false

5

10353444 19 KE020-111

accusation continues Garrett's pattern of dishonesty.  Attached to these Charges as Exhibit 5, is a true and correct copy of the October 18, 2022, Email from Garrett Requesting Curriculum Committee Documents.

e.  On October 19, 2022, Garrett sent an email to the Bakersfield College faculty making several false allegations and implications. (See, Exhibit "1," p. 74.) He alleged that members of the Curriculum Committee

> . . . have worked to intimidate others to ensure they get the right votes. We also saw the administration secretly withholding public comments from the committee members until community members demanded the Trustees intervene; the administration is preparing to violate Brown Act on three different accounts when they meet tomorrow to force through contested curriculum that in all truth deserves a much more robust conversation but, according to the COR, the chancellor wants it STAT, and anyone who questions may also find their names smeared in the newspaper.

f.  From November 2019 to October 2022, Garrett repeatedly filed frivolous complaints to the District; wasting District resources and aggrieving his colleagues for what the investigations uniformly found to be baseless allegations. These amounted to 36 complaints filed via EthicsPoint or email resulting in 23 complaints requiring a third-party investigation. Investigation revealed each of the 36 were baseless complaints. (See, Exhibit "1," p. 76.)

g.  The District received several student complaints caused by Garrett's conduct during an EODAC meeting.[1] These comments demonstrate the very real harm Garrett is causing to Bakersfield College students:

i.  HT: "As an African American student, I felt that our safety and education here on campus was not important to a few people inside of the room. I also felt that if I went to register for any of those professors' classes that I would fail in the classes because of the color of my skin." (See, Exhibit "1," p. 81.)

ii.  AB: After hearing Professor Catherine Jones telling Professor Matt Garrett, "Why the fuck are they coming in here?" the student wrote: "It made me feel like we weren't supposed to be in that meeting. It was eye opening to see and hear something like that at this meeting, I just hope that our colored students don't have to experience something like this in other places." (See, Exhibit "1," p. 83.)

iii.  JD: "Professor Matt Garrett... went as far as to insult Dr. Parks and her way of teaching...While he was saying this, I felt as mixture of confusion

---

[1] In order to protect student information, the District will refer to all students by initials only. The District will provide a student privacy key with the full names of students.

6

10353444 19 KE020-111

and concern. Confusion due to the fact that the results say students are not happy, students of color are not feeling safe. This task force can help them and he is fighting it? I can't believe it!" The student added, "In the end, I did not feel safe in that room. Even though nothing was said towards me directly, the feeling I was getting was enough. Something needs to be done. People like that cannot be left to make decisions for students." (See, Exhibit "1," p. 85.)

h. From December 3, 2019, to October 19, 2022, Garrett made demonstrably false and misleading claims inciting distrust within the community that we serve by accusing Bakersfield College, District, and his colleagues of misconduct. (See, Exhibit "1," p. 86.) On Terry Maxwell's Radio Show, he:

   i. Claimed Bakersfield College funds "fake news" websites;

   ii. Claimed that sociology, ethnic studies, anthropology are producing bad information and poor narratives grounded in history;

   iii. Claimed that diversity trainings are just ways to figure out how to legally discriminate;

   iv. Compared the conditions at Bakersfield College to "how the Nazis got started;"

   v. Claimed that Bakersfield College staff are trying to quiet him;

   vi. Claimed Bakersfield College pays students to write propaganda pieces;

   vii. Claimed that Bakersfield College has "racial preferences in hiring."

i. Garrett repeatedly failed, as the Faculty Lead for the Renegade Institute for Liberty, to restrict baseless attacks on the District and his colleagues on RIFL's social media. (See, Exhibit "1," p. 94.) For example, Garrett allowed the following to be posted:

   i. "In this case the state (BC) is organizing a student racial group and giving special perks to that one racial group."

   ii. "The chronic mismanagement of Measure J expenditures is a consistent embarrassment."

   iii. "Bakersfield College isn't the only school to pay student activists."

   iv. "BC Curriculum Committee approved giving away participation certificates (trophies)."

7

j.  Garrett repeatedly published baseless accusations against Bakersfield College and his colleagues on his social media account. (See, Exhibit "1," p. 98-101.) For example:

   i.  On or about June 28, 2021, Garrett accused via social media: "The college threatened discipline if I didn't stop requesting records and criticizing social justice expenditures. They then escalated by threatening to terminate me. As a public institution, their financials should be open to public criticism. The administration's attempt to silence that discussion with threats of termination is illegal."

   ii.  On or about February 14, 2022, Garrett made the following public accusations against the College on his social media account:

      1.  "Bakersfield College paid for a UFW propaganda page to write a hit piece calling me something horrible."

      2.  "I made public the otherwise unnoticed practice of BC funneling money to the UFW propaganda page."

      3.  "The BC admin also attempted to block my teaching duties and even leaked my social security number."

   k.  On May 20, 2019, the District received a Cease and Desist letter, forcing Garrett to change the group's name. (See, Exhibit "1," p. 102.) As Faculty Lead for RIFL, Garrett failed to ensure that his chosen group name does not infringe on anyone's intellectual property.

4.  The misconduct outlined in Paragraphs 2 and 3 demonstrated Garrett's unprofessionalism and unsatisfactory performance. The Notice informed Garrett that his abuse of the EthicsPoint Management System wasted college and District resources and diminished the value of the District's reporting system. Garrett's public, baseless accusations against Bakersfield College and District, his colleagues, and our students demeaned, demoralized, and disrespected the community he serves. Importantly, Garrett caused students to feel unwelcome and unsafe by belittling the community's valid concerns.

5.  The misconduct outlined in Paragraphs 2 and 3 included baseless accusations that devalued Bakersfield College and District's standing among its peers. Garrett demonstrated a lack of professional judgment by making his accusations loudly and improperly, instead of determining the proper channels for complaints. Consequently, his public accusations invited outrage from his colleagues and the community at large. Garrett's pursuit of notoriety devolved the sincere efforts by the District and the community to create an environment where students can thrive to an environment of hostility and anger.

6.  The misconduct outlined in Paragraphs 2 and 3 included repeated, ceaseless, and demonstrably false claims against employees serving with Garrett on committees. These

8

10353444.19 KE020-111

claims caused many employees to cease their committee work for fear of being singled out for similar treatment. Garrett's attacks on the Curriculum Committee, its members, and its important work, meant that many pieces of curriculum were in danger of not being approved. This includes the courses needed to support Bakersfield College's application for the Baccalaureate of Science, Police Science.

7. The Notice referred to in Paragraph 2 directed Garrett to cure his deficient job performance, and comply with the following directives:

   a. "You will comply with all lawful directives of your supervisors and all administrators. You will not substitute your own judgment for the judgment of your supervisor or other administrators."

   b. "You will comply with all Board Policies and Administrative Procedures."

   c. "You will use District resources to further the interests of the college and District only."

   d. "You will perform your duties with the civility and good faith effort expected from all public employees."

   e. "You will address grievances and complaints to appropriate college administrators."

   f. "You will cease using the District's email listserv to further your personal agenda."

   (See, Exhibit "1," p. 8-9.)

   As outlined within the following paragraphs, Garrett has failed to follow the directives contained with the Notice referred to in Paragraph 2.

8. In November 2022, Garrett deliberately mischaracterized a Bakersfield College student housing initiative as "not student dorms" and as "low income housing." Garrett printed and distributed a flyer that characterized the Student Housing Project as threatening the neighborhood with:
   a. loud parties;
   b. safety issues;
   c. crime;
   d. crowded daily parking issues;
   e. overflow of parking for events; and
   f. decrease in property values

   This unprofessional conduct constituted a deliberate attempt to disrupt the work of the college to develop secure housing for our students. Attached to these Charges, as Exhibit 6, is a true and correct copy of Garrett's November 2022 flyer; Attached to these Charges, as Exhibit 7, is a true and correct copy of a Ring Doorbell Screenshot.

9

10353444.19 KE020-111

9. On December 5, 2022, Garrett falsely alleged that the District mischaracterized his conduct as unprofessional "without providing any explanation to such claims." As outlined in Paragraph 2, (a) to (e) and Paragraph 3 (a) to (m), the District provided Garrett with an exhaustive explanation of his unprofessional conduct, dishonesty, refusal to follow campus procedures, and the harmful effects of his misconduct. Garrett's response to his 90-Day Notice contained frivolous allegations that are without merit. Attached to these Charges, as Exhibit 8, is a true and correct copy of Garrett's December 5, 2022 Response to the 90-Day Notice.

10. On January 11, 2023, Garrett sent an email to Dean Richard McCrow with questions regarding his 90-Day Notice. Each of Garrett's 20 questions may either be answered by reading the Notice, the District's Board Policies and Administrative Procedures, and the directives in the 90-Day Notice, or were complaints and grievances set out as questions. Garrett's inquiry seeking clarification was not made in good faith and again demonstrates unprofessionalism. His persistent refusal to follow clear directions is evidence of his unprofessional behavior and does not represent the honesty and integrity needed for continued service as a faculty member. Attached to these Charges, as Exhibit 9, is a true and correct copy of Garrett's January 11, 2023 Email to McCrow.

11. In the 90-Day Notice, Bakersfield College notified Garrett of his unprofessional and unsatisfactory performance because of the harm he inflicts on the District and its students. Instead of improving his performance, he repeated the same false allegations on ever-bigger platforms, and continues to incite hatred and anger against the College's employees and students. Examples include the following:

    a. On January 17, 2023, Garrett launched a litany of false allegations within an interview given to Fox News Digital. He claimed that Bakersfield College has adopted "racial quotas and preferences, affirmative action-type behavior, [and] . . . racially segregated classes.. and location tracking software." Garrett repeated his discredited allegation that Bakersfield College has "funding going to propaganda webpages you can track through grants." Attached to these Charges, as Exhibit 10, is a true and correct copy of the January 17, 2023 Fox News Article. All of these allegations are false and damaging to Bakersfield College and its students. These allegations demeaned, demoralized, and disrespected the College's employees and its students.

    Garrett's false allegations prompted the following comments attacking Bakersfield College and its students by name:

    i. demonhunter: "Student [JD]: expel her for violating her duty to adhere to the school's code of conduct by making a false and damning allegation for the purpose of ruining another's reputation."

    ii. KCChiefs: "Students LIE. They always have, but it's getting worse because it is allowed and supported. These filthy lying students need to be held accountable. They need to be sued for slander and they need to be

10

16353444 19 KE020-111

banned from the campus. But that won't happen. So, our education system will continue to sink further into the cesspool."

    iii.  geoffandalice: "I feel uncomfortable. I think I'll sue somebody, that will make me feel better. ☐ These students need to be 'put down.' A vet could do it."

    iv.  aprillgranger: "Based on the statements I just read, these students are pathetic. It seems like the only way to get ahead is to show how fragile you are[.]"

    v.  DJM123: "Meanwhile - the students remain unemployable and wholly lacking in marketable skills; just a guess"

    vi.  geoffandalciekent7832 in response to popham: "Funny, I want them to be running for their lives."

Attached to these Charges, as Exhibit 11, is a true and correct copy of the Fox News Article with the Comments Section.

b.  On January 17, 2023, Garrett amplified his dishonest allegations made in the Fox News Digital Interview. Through the RIFL Facebook page, he posted a link to the article with the tagline "Tenured Bakersfield College history professor Matthew Garrett said he and other faculty members of a free speech coalition were targeted with false allegations after they asked questions during a campus diversity meeting last October." Attached to these Charges, as Exhibit 12, is a true and correct copy of the January 17, 2023 RIFL social media post. Since the District issued Garrett the 90-Day Notice, Garrett, the RIFL Facebook page administrator, has continued to permit the RIFL Facebook page to post false and baseless attacks on the District and his colleagues.

c.  On January 22, 2023, Garrett accused a fellow faculty member of orchestrating a "race hoax." Garrett sent an email with the subject line "Paula Parks Race Hoax Debunked" to a community member with a link to the *Daily Wire* article. Attached to these Charges, as Exhibit 13, is a true and correct copy of the January 22, 2023 Email from Garrett Re Daily Wire Article.

d.  In a January 23, 2023 article published by *Inside Higher Ed*, Garrett accused Dr. Paula Parks of inciting students against him:

"Paula Parks has whipped them up into a sense of victimhood," he said. "I'm sure they felt the tense feeling in that room, because that room has been a place of debate and hostility for the last couple years. And she intentionally misdirected those students to believe it was about them and their race."

11

J0353444.19 KE020-111

Attached to these Charges, as Exhibit 14, is a true and correct copy of the January 23, 2023 article published by Inside Higher Ed.

   e. On January 22, 2023, Garrett again accused BC faculty member Paula Parks of orchestrating a "race hoax." He shared the *Daily Wire* article on his social media with the tagline: "Paula Parks Race hoax allegations against me debunked by Daily Wire." Attached to these Charges, as Exhibit 15, is a true and correct copy of the January 22, 2023 social media post from Garrett.

These ongoing public attacks demonstrate Garrett's continued refusal to engage in civil, honest discourse or to direct complaints to the appropriate college administrator as directed by the 90-day notice.

12. On January 23, 2023, Garrett intimidated an Academic Senate Executive Board member by asking to discuss the member's vote against him to serve as the faculty chair of EODAC. This violated the E-board's longstanding confidentiality protocols. Attached to these Charges, as Exhibit 16, is a true and correct copy of Garrett's January 23, 2023 email to Matthew Jones.

13. On January 27, 2023, the District received a report from Debra Thorson, a part-time faculty member and member at EODAC. Thorson reported her fear that "Matt Garrett will verbally attack me again." She reported a fall 2022 EODAC meeting after which Garrett cursed at her to "get the fuck out." She requested that the college ensure her safety at future committee meetings. Attached to these Charges, as Exhibit 17, is a true and correct copy of the January 27, 2023 Email from Debra Thorson. This incident violated the directive of the 90-day notice to engage in the civility expected of public employees.

14. On January 31, 2023, Garrett published another attack as an open letter to the Kern Community College District Board of Trustees, and Trustee Corkins in particular, which he labeled "What Poisoned the Pond?" Attached to these Charges, as Exhibit 18, is a true and correct copy of the January 31, 2023 article by Matthew Garrett. In this article, Garrett offered a series of uncivil and dishonest attacks:

   a. Garrett accused Trustee Corkins, without rationale, of having "a general willingness to ignore evidence-based arguments in favor of emotional appeals."

   b. Garrett accused Trustee Corkins, without rationale, of "empowering a very dangerous philosophy that attempts to replace objective reality with emotionally satisfying nonsense."

   c. Garrett accused Trustee Corkins and Trustee Nan Gomez-Heitzeberg, without rationale, for "[falling] for the race hoax and [contributing] a performance of [their] own."

   d. Garrett repeated false allegations without rationale or evidence:

12

Together they radically transformed Bakersfield College into a place of implicit bias and microaggression training; racial quotas and affirmative action preferences; racially segregated programming emphasizing ethno-nationalist rhetoric; priority registration for preferred groups; subsidies for highly partisan propaganda and accompanying activist training; mandated masks, compulsory vaccines, and location-tracking software; diluted academic rigor with an ever-growing emphasis on social programs managed by a bloated administration; and overt hostility toward any who dare question these policies. This hostility comes from both administrators and their eager proxies among the faculty.

Garrett's allegations above falsely accuse Bakersfield College of breaking federal and state laws, such as alleging that Bakersfield College has racial quotas, or that the College was tracking faculty. These accusations aimed to disrupt college operations and further demonstrate evidence of continued unprofessional conduct after reception of the 90-day notice.

e.  Alleged Trustee Corkins may not be familiar with administrative "extrajudicial punishments" because the Trustee is a "rural cattle guy."

f.  Garrett implied that the District administration engaged in the following, without rationale or evidence:

   i.   Retaliatory scheduling;

   ii.  Retaliatory office assignments;

   iii. Retaliatory withholding of permissions;

   iv.  Retaliatory canceling of calendared events;

   v.   Strategic bureaucratic obstruction;

   vi.  Refusing to confer expected and vital funds;

   vii. Denial of access to self-raised funds;

   viii. Retaliatory exclusion from key decision-making bodies;

   ix.  Preferential stipends and reduction in teaching loads for nonproductive projects based on viewpoint;

   x.   Unlawful release of confidential personnel records;

   xi.  Forgery of untrue documents;

   xii. Engaging in farcical investigations;

13

10353444.19 KE020-111

xiii.   Ignoring legitimate complaints; and

xiv.   Covertly subsidizing "allies" in the local media.

Should any of these be true concerns, Garrett's 90-Day Notice directed him to deliver his complaints and grievances to the appropriate channels, and his refusal to do so continues his pattern of willful refusal to follow college process.

g.   Garrett alleged, without evidence or rationale, that the Bakersfield College administration "fed" the Trustees with "orchestrated public comments, loudly whispered, vague allegations, fabricated testimony, counterfeit HR determinations, and outright lies."

These uncivil and dishonest accusations expressly violated the recommendations provided within the 90-Day notice.

15.   On January 31, 2023, Garrett amplified the false statements made in his "What Poisoned the Pond?" letter. Through the RIFL Facebook page, he posted a link to the article with the accusatory tagline "Over the last few years, the administration has firmly aligned itself with a group of activists on campus. Together they radically transformed Bakersfield College into a place of implicit bias and microaggression training; racial quotas and affirmative action preferences; racially segregated programming emphasizing ethno-nationalist rhetoric; priority registration for preferred groups; subsidies for highly partisan propaganda and accompanying activist training; mandated mask…" Attached to these Charges, as Exhibit 19, is a true and correct copy of the January 31, 2023 RIFL Post. As the administrator of the RIFL Facebook page, Garrett demonstrates his incivility and continued dishonest and unprofessional conduct.

16.   On January 31, 2023, Garrett engaged in an unprofessional interaction with Dr. Nicky Damania, the Bakersfield College Dean of Students. Dr. Damania attended the January 31, 2023 Board of Trustees meeting. Before reaching his seat, Garrett stepped in front of of him and exhibited a "hostile demeanor and aggressive tone" when he asked, "Did she threaten your job too?" Dr. Damania found this interaction to be "intimidation as well as non-collegial." Attached to these Charges, as Exhibit 20, is a true and correct copy of the February 9, 2023 email from Dr. Damania.

17.   On January 31, 2023, Garrett threatened Trustees John Corkins. In the email, Garrett claimed to possess documents showing Corkins's "past indiscretions." He claimed, "I know more about you than you think and more than I want." While Garrett claimed that he did not intend to release the alleged documents, the clear implication was to intimidate Trustee Corkins by mentioning Garrett's alleged possession of harmful documents. Garrett's attempt at extortion identified his target as Sonya Christian and it is continued unprofessional conduct. Attached to these Charges, as Exhibit 21, is a true and correct copy of the January 31, 2023 Email from Garrett to Corkins.

18.   In February 2023, Garrett implied retaliatory denial of funding for a choir tour organized by his wife, without rationale or evidence, through social media:

14

10353444.19 KE020-111

a.  On February 19, 2023, Garrett posted, "Why do you suppose the administration approved $12,500 for travel for the student group who falsely accused me but not a penny for my wife's students?"

b.  On February 6, 2023, Garrett posted, "Jennifer Garrett spoke to the KCCD Board of Trustees today. They seemed genuinely unaware and concerned that the administration was withholding choir tour funding."

c.  On February 1, 2023, Garrett posted, "Why do you suppose the choir tour (organized by my wife Jennifer) received "no financial assistance from the college?"

Attached to these Charges, as Exhibit 22, is Garrett's Social Media Posts Re Choir Funding.

Should the inappropriate withholding of funding be true, Garrett's 90-Day Notice directed him to deliver his complaints and grievances to the appropriate channels. His decision to instead repeatedly level this accusation constitutes more evidence of his dishonesty, incivility, and willful refusal to perform regular assignments.

19. On February 19, 2023, Garrett attacked his faculty colleagues through the RIFL Facebook post: "Can you count how many times BC's Communication Dept professors imply accusations of racism, sexism, and classism to advance their agenda in the recent Feb 15 Academic Senate meeting?" Attached to these Charges, as Exhibit 23, is a true and correct copy of the February 19, 2023 Facebook post. This post illustrates Garrett's willful refusal to maintain the civility expected of a public employee.

20. On February 28, 2023, Garrett, as the RIFL Facebook page administrator, enabled the page to post a false and baseless attack on the district and Garett's colleagues under the title: "Another media outlet reviews BC's dysfunctional diversity committee. Is questioning the woke agenda "unprofessional" or 'harmful' to students?" The post featured a picture of Garrett and a link to an article from *Just the News*. Attached to these Charges, as Exhibit 24, is a true and correct copy of the February 28, 2023 RIFL Facebook post.

21. On March 5, 2023, Garrett, as the RIFL Facebook page administrator, accused the KCCD district of financial mismanagement: "Statewide audit finds KCCD "misspend funds" in part by using instructional funds to pay for special projects." Attached to these Charges, as Exhibit 25, is a true and correct copy of the March 5, 2023 Facebook post. This post continues Garrett's documented pattern of communicating demonstrably false and misleading statements.

22. Garrett continues to seek personal satisfaction at the expense of the safety of the District's students and employees. He violated each and every one of the directives that the District gave him. Importantly, he attempted to force cooperation from a trustee using veiled threats and personal attacks.

15

10353444.19 KE020-111

a. Faculty members targeted by Garrett's retaliation include:
   i. Helen Acosta, Professor of Communication
   ii. Octavio Barajas, Adjunct Professor of History
   iii. Justin Bell, Adjunct Professor of English
   iv. Andrew Bond, Professor of English
   v. Nicole Carrasco, Adjunct Professor of Sociology
   vi. Christine Cruz-Boone, Professor of Communication
   vii. Bryan Hirayama, Professor of Communication
   viii. Matt Jones, Professor of Academic Technology
   ix. Michael Korcok, Professor of Communication
   x. Paula Parks, Professor of English
   xi. Oliver Rosales, Professor of History
   xii. Nick Strobel, Professor of Astronomy & Academic Senate President
   xiii. Andrea Thorson, Professor of Communication
   xiv. Debra Thorson, Adjunct Professor of Communication
   xv. Tommy Tucson, Professor of Criminal Justice

b. Classified staff targeted include the following:
   i. Victoria Coffee
   ii. Maria Elizondo
   iii. Angela Williams

c. Administrators and district leadership targeted include the following:
   i. Abe Ali, Vice Chancellor for Human Resources
   ii. Tom Burke, Chancellor Emeritus
   iii. Dr. Sonya Christian, Chancellor
   iv. John Corkins, Trustee
   v. Dr. Zav Dadabhoy, Interim President
   vi. Dr. Nicky Damania, Dean of Students
   vii. Chris Hine, General Counsel (Retired)
   viii. Lora Larkin, Dean of Instruction
   ix. Richard McCrow, Dean of Instruction
   x. Billie Jo Rice, Vice President of Instruction

d. Students targeted include:
   i. Five Umoja students;
   ii. Two SGA Presidents.

## CONCLUSION AND RECOMMENDATION

In sum, since 2019, Garrett has engaged in retaliatory behavior including, but not limited to: 1) intimidation, 2) defamation of character, 3) false accusations of misappropriation of District funds, 4) false accusations of criminal misconduct, 5) false accusations of violation of District Board Policy, 6) abusive language towards faculty and staff, and 7) oral and written threats to faculty and staff. This behavior has caused continued disruption by undermining College processes and College morale. In many instances, he has repeated claims that have been

16

10353444 19 KE020-111

investigated and disproved. He has continued to make knowingly false and deliberately misleading statements. This repeated behavior constitutes unprofessional conduct.

The acts and omissions outlined above demonstrate that Matthew Garrett has engaged in a pattern of immoral or unprofessional conduct, dishonesty, unsatisfactory performance, evident unfitness for service, persistent violation of the policies, procedures, rules and regulations of the District, and willful refusal to perform regular assignments without reasonable cause. Accordingly, the District should dismiss Matthew Garrett from employment on the grounds of:

    a.  Immoral or unprofessional conduct (Ed. Code, § 87732, subd. (a), Ed. Code, § 87735);

    b.  Dishonesty (Ed. Code, § 87732, subd. (b));

    c.  Unsatisfactory performance (Ed. Code, § 87732, subd. (c));

    d.  Evident unfitness for service (Ed. Code, § 87732, subd. (d));

    e.  Persistent violation of, or refusal to obey, the school laws of the state or reasonable regulations prescribed for the government of the community colleges by the board of governors or by the governing board of the community college district employing him or her (Ed. Code, § 87732, subd. (f)); and

    f.  Willful refusal to perform regular assignments without reasonable cause, as prescribed by reasonable rules and regulations of the employing district. (Ed. Code, § 87735.)

The District has cause to terminate Garrett for the reasons outlined above. Through his constant barrage of hostile comments—which intimidate and humiliate his colleagues and the District's students—Garrett demonstrated an inability to adhere to professional standards of the workplace.

Garrett repeatedly made allegations against the District of which he knows to be false. In the alternative, Garrett also made allegations against the District that he knows he cannot prove. Through these actions, Garrett demonstrated an inability to be honest.

Garrett makes his colleagues and the District's students feel unsafe. He intentionally directs ire at specific persons, including students, which has resulted in disturbing public comments. Thus, Garrett's effect on the Bakersfield College community are unsatisfactory.

Garrett's inability or refusal to appreciate the gravity of his actions and the danger in which he places the District's students and employees evidences his unfitness for service.

Despite being given a comprehensive Notice of Unsatisfactory Performance, Garrett refused to follow reasonable and lawful directives from the College. In doing so, he demonstrated persistent refusal to obey school regulations and assignments.

The District expects that its employees, as public servants, will follow rules, policies, and procedures and act in a manner that is in the best interests of the District and the students they

17

serve. By virtue of his egregious conduct supporting the grounds for his dismissal and charges described above, Garrett has clearly failed to meet the District's expectations.

Garrett refused the District's attempt to provide him with an opportunity to cease harmful unprofessional conduct, immoral conduct, and has continued disrupting College and District work. Garrett has been disrespectful and dishonest in communication with colleagues who express opposing viewpoints regarding District Policy, Finance, and Curriculum. Due to Garrett's lack of judgment and disregard of his duties to the District and its students, the District must dismiss him from his employment as a tenured faculty member.

Under the provisions of the California Education Code sections 87732, 87735, and 87666 *et seq.*, Matthew Garrett shall be given notice that he is terminated and immediately suspended from his duties, and has the right to file a written objection to the decision of the Board of Trustees, of the reasons therefore, within 30 days after service of said notice upon him pursuant to Education Code section 87673.

I hereby declare, under penalty of perjury, that I have read the attached Statement of Charges and am familiar with the contents thereof, and that said contents are true and correct to the best of my knowledge and belief.

Respectfully submitted,


Dated: _____          _____
                                      Zavareh Dadabhoy, Ph.D.
                                      Interim President
                                      Bakersfield College


Exhibits:

Exhibit 1 – November 21, 2022 Notice to Correct Deficiencies and its attached exhibits

Exhibit 2 – List of RIFL's past events from October 11, 2018 through October 11, 2022.

Exhibit 3 – August 24, 2022 Administrative Determination Regarding Garrett's Viewpoint Complaint

Exhibit 4 – Garrett's Facebook Comments with the Email Address

Exhibit 5 – October 18, 2022 Email from Garrett Requesting Curriculum Committee Documents.

Exhibit 6 – November 2022 Flyer from Garrett

Exhibit 7 – Ring Doorbell Screenshot

18

10353444 19 KE020-111

Exhibit 8 – December 5, 2022 Response from Garrett to the 90-Day Notice

Exhibit 9 – January 11, 2023 Email from Garrett to McCrow

Exhibit 10 – January 17, 2023 Fox News Article

Exhibit 11 – Fox News Article with the Comments Section

Exhibit 12 – January 17, 2023 RIFL Social Media Post

Exhibit 13 – January 22, 2023 Email from Garrett Re Daily Wire Article

Exhibit 14 – January 23, 2023 Article Published by Inside Higher Ed

Exhibit 15 – January 22, 2023 Social Media Post from Garrett

Exhibit 16 – January 23, 2023 email from Garrett to Matthew Jones

Exhibit 17 – January 27, 2023 Email from Debra Thorson

Exhibit 18 – January 31, 2023 Article by Matthew Garrett

Exhibit 19 – January 31, 2023 RIFL Post

Exhibit 20 – February 9, 2023 Email from Dr. Damania

Exhibit 21 – January 31, 2023 Email from Garrett to Corkins

Exhibit 22 – Garrett's Social Media Posts Re Choir Funding

Exhibit 23 – February 19, 2023 RIFL Facebook Post

Exhibit 24 – February 28, 2023 RIFL Facebook Post

Exhibit 25 – March 5, 2023 Facebook Post

19

# EXHIBIT B

**Arthur Willner**

| | |
|---|---|
| **From:** | Matthew Garrett <mgarrettphd@gmail.com> |
| **Sent:** | Tuesday, March 21, 2023 2:40 PM |
| **To:** | romeo.agbalog@kccd.edu |
| **Cc:** | Arthur Willner; Ernest Tuttle; kay.meek@kccd.edu; kyle.carter@kccd.edu; christina.scrivner@kccd.edu; nan.gomez@kccd.edu; yovani.jimenez@kccd.edu; ChancellorOffice@kccd.edu |
| **Subject:** | Request for Agenized Hearing |

KCCD Board President Romeo Agbolog,

As you may know, last week your administration placed me on leave and informed me that during the April 13 Board Meeting your body will entertain a proposal to terminate my employment. I am formally requesting the opportunity to be heard at the April 13 board meeting. I would like to present my case directly to the trustees.

I understand this right to be an extension of the Brown Act as well as a basic respect for due process, as I have never had any opportunity to address most of the charges against me (nor have I ever been notified of any investigation of most of the charges). Additionally, it is past precedence to allow faculty facing termination to address the Board (eg. Michael Einhaus). Finally, Government Code 54957 clearly endows faculty the right to have their case heard in open session before the Board, and I hereby invoke that right paired with my request to be heard in a full hearing before the Board to address the various allegations made against me. That is, I am requesting an opportunity above and beyond the few minutes allotted (and potentially throttled) for general public comment.

I further request that you share with me the meeting start time (as I understand it is not consistent), and that you keep the date and meeting time stable so that I and the broader community may attend. I'm sure you share my interest in full transparency.

Thank you for your time.

Matthew Garrett, PhD
Professor of History
Professor of Ethnic Studies
Bakersfield College

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

1

# EXHIBIT C

🔒 insideKCCD (https://employees.kccd.edu)    Board Meetings (http://www.boarddocs.com/ca/kccd/Board.nsf/Public)

DACA Information (https://www.bakersfieldcollege.edu/student/eops/dreamers)    Kern Pledge (https://kerneducationpledge.com/)

 (/)

Board of Trustees        Training & Vendors        Employment Opportunities        About KCCD

🏠 Home (/) » Board of Trustees (/board-trustees/board-members) » Board Members

### Board of Trustees (/board-trustees/board-members)

Board Policies & Procedures (/board-trustees/board-policy/board-policies-procedures)

Board Meetings (/board-trustees/meetings)

Board Material Due Dates (/board-trustees/board-calendar-and-due-dates)

Resolutions (/board-trustees/board-resolutions)

Board Members (/board-trustees/board-members)

Board Committees (/board-trustees/board-trustees-board-committees)

Trustee Area Maps (/board-trustees/trustee-area-maps)

Trustees Term Expiration (http://www.boarddocs.com/ca/kccd/Board.nsf/goto?open&id=AYS42273225D)

Statement of Ethics (/board-trustees/statement-ethics)

Board Action Reports (http://www.boarddocs.com/ca/kccd/Board.nsf/goto?open&id=98TQVN63967C)

# Board Members

The Kern Community College District service area is divided into seven segments for elected representation throughout the counties we serve. Each member of the KCCD Board of Trustees will represent a designated trustee area as defined during the redistricting process of 2020.

DISCLAIMER: Your input and concerns regarding the Kern Community College District are important to the Trustees. Please note that there could be some delay in review and response. If this is an urgent or time-sensitive matter, please send your email to **Sonya Christian, KCCD Chancellor (mailto:ChancellorOffice@kccd.edu)**, for her review and attention. Please be aware that individual trustees may not be able to respond to an email that is sent to more than one trustee because of restrictions on such communications under the provisions of the Brown Act (CA open meetings law). Any email communication received by a trustee can be subject to the provisions of the California Public Records Act.



## Mr. Romeo Agbalog, President

Area 4 (/board-trustees/trustee-area-maps)

✉ romeo.agbalog@kccd.edu (mailto:romeo.agbalog@kccd.edu)

Romeo Agbalog is Executive Director of the Kern County Farm Bureau, an organization that has for over a century focused on advocating, educating, supporting, and protecting the interests of one of the top agriculture-producing counties in the Nation.

Prior to joining the Farm Bureau, he served as Executive Director of Kern Citizens for Sustainable Government (KCSG), a local non-profit public policy organization focused on developing and promoting policies that support economic growth, efficient stewardship of taxpayer resources, and accountability at all levels of government. Before joining KCSG, Romeo served as the Senior District Representative for Senate Minority Leader Emeritus Jean Fuller (R-Bakersfield).

Romeo previously held positions with the Greater Bakersfield Chamber of Commerce as Manager of Governmental Affairs, Community Resources Manager with the California Department of Corrections and Rehabilitation, and Field Representative for a member of the Kern County Board of Supervisors. A lifelong resident of Delano and an alumnus of Bakersfield College, Agbalog has a wealth of board and governance experience, and a long history of community service ranging from Civil Service Commissioner for the County of Kern, and having held previous board positions with the Delano Union School District, the Foundation Board for Bakersfield College's Delano Campus Center, and the Bakersfield College Foundation.

# EXHIBIT D

🔒 insideKCCD (https://employees.kccd.edu)     Board Meetings (http://www.boarddocs.com/ca/kccd/Board.nsf/Public)

DACA Information (https://www.bakersfieldcollege.edu/student/eops/dreamers)     Kern Pledge (https://kerneducationpledge.com/)


(/)

Board of Trustees          Training & Vendors          Employment Opportunities          About KCCD

🏠 Home (/) » Board of Trustees (/board-trustees/board-members) » Board Meetings

### Board of Trustees (/board-trustees/board-members)

- Board Policies & Procedures (/board-trustees/board-policy/board-policies-procedures)
- Board Meetings (/board-trustees/meetings)
- Board Material Due Dates (/board-trustees/board-calendar-and-due-dates)
- Resolutions (/board-trustees/board-resolutions)
- Board Members (/board-trustees/board-members)
- Board Committees (/board-trustees/board-trustees-board-committees)
- Trustee Area Maps (/board-trustees/trustee-area-maps)
- Trustees Term Expiration (http://www.boarddocs.com/ca/kccd/Board.nsf/goto?open&id=AYS42273225D)
- Statement of Ethics (/board-trustees/statement-ethics)
- Board Action Reports (http://www.boarddocs.com/ca/kccd/Board.nsf/goto?open&id=98TQVN63967C)

# Board Meetings

All Kern Community College District Board materials and minutes can be found at BoardDocs. (http://www.boarddocs.com/ca/kccd/Board.nsf/Public)

## Next Regular Board Meeting: Thursday, April 13

- View Board of Trustees Meeting on Zoom (https://ccconfer.zoom.us/j/91832166491)
- Agenda & Materials Available 4/6/23 on BoardDocs. (http://www.boarddocs.com/ca/kccd/Board.nsf/Public)

## Meeting Calendars

- 2022-2023 Board Meeting Calendar (https://do-prod-webteam-drupalfiles.s3-us-west-2.amazonaws.com/kccdedu/s3fs-public/page/KCCD_BoT_Calendar_2022-2023.pdf)
- 2023-2024 Board Meeting Calendar (https://do-prod-webteam-drupalfiles.s3-us-west-2.amazonaws.com/kccdedu/s3fs-public/page/KCCD%20Board%20Calendar%202023-2024_Presented%20Dec%2013%2C%202022.pdf)

## Previous Meeting Recordings

### 2023 Meetings

- March 9, 2023 Meeting Recording (https://youtu.be/4qOwdaXdAkA)
- March 1, 2023 Special Meeting Recording (https://youtu.be/q9KIXKanDOM)
- February 15, 2023 Meeting Recording (https://youtu.be/heKLHbm-Clw)
- February 6, 2023 Kern CCD Public Facilities Corporation Meeting Recording (https://youtu.be/l8FrLoHlkLQ)
- February 6, 2023 Special Meeting Recording (https://youtu.be/KJIY7TTO2zs)

### 2022 Meetings

- December 13, 2022 Meeting Recording (https://youtu.be/ttRes8eeQWs)
- November 10, 2022 Meeting Recording (https://youtu.be/wi1Fw_R9kjo)
- October Meeting:
  - October 13, 2022 Meeting Recording (Part 1) (https://youtu.be/b03rHkj1efs)
  - October 13, 2022 Meeting Recording (Part 2) (https://youtu.be/0WF9eYigFtw)
- September 8, 2022 Meeting Recording (https://youtu.be/Ft-3O5vKPqY)
- August 11, 2022 Meeting Recording (https://youtu.be/Emv8e5_scd4)
- July 14, 2022 Meeting Recording (https://youtu.be/vTy6wapKGvQ)
- June 9, 2022 Meeting Recording (https://youtu.be/7tYh456QNtl?t=1173)
- May 5, 2022 Meeting Recording (https://youtu.be/gMXGPk0C3og)
- April 14, 2022 Meeting Recording (https://youtu.be/zDxW00OAnxc)
- March 15, 2022 Meeting Recording (https://youtu.be/ZxeHVTQxFVA)