INSTITUTE FOR FREE SPEECH
Alan Gura, SBN 178221
        agura@ifs.org
Courtney Corbello (pro hac vice pending)
        ccorbello@ifs.org
1150 Connecticut Avenue, N.W., Suite 801
Washington, DC 20036
Phone: 202.967.0007
Fax:    202.301.3399

Attorneys for Plaintiff Daymon Johnson

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYMON JOHNSON, | |
| *Plaintiff*, | |
| v. | Case No.: 1:23-at-00479 |
| STEVE WATKIN, et al., | |
| *Defendants*. | |

PLAINTIFF'S NOTICE OF POTENTIALLY RELATED CASE

In accordance with Local Rule 123, Plaintiff, Daymon Johnson hereby provides notice that this case may be related to *Garrett, et al. v. Hine, et al.*, 1:21-cv-845-ADA-CDB.

The cases do not involve the same parties, nor are they based on the same claims, although the claims are in part similar. LR 123(a)(1). The cases do not involve the same property or transaction. LR 123(a)(2). The cases involve different factual questions and, in large part, different legal questions, though there is some overlap in the legal claims. LR 123(a)(3). On balance, Plaintiff does not believe assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, nor does Plaintiff believe that assignment to different Judges or Magistrate Judges would entail substantial duplication of labor. However, given what similarities do exist between the cases, counsel believes he is required to file this notice and advise the Court of the potential relation.

*This action:*

Plaintiff Bakersfield College Professor Daymon Johnson alleges that Defendants—college administrators, Kern Community College District trustees, and the district's Chancellor—are chilling his speech in violation of the First Amendment. Defendants have already subjected Johnson to one improper investigation into his political speech, implemented an official ideology that Johnson opposes, and terminated a colleague, Professor Matthew Garrett, for his advocacy of similar viewpoints. Indeed, Garrett is Johnson's immediate predecessor as the Faculty Lead of the Renegade Institute for Liberty, a faculty association whose members Defendants condemn for their political views, and some of the speech for which Garrett was charged was expressed by Johnson.

Johnson thus challenges the Defendants' application of Cal. Educ. Codes §§ 87732 and 87735, which set out the permissible grounds for termination of his employment, on the basis of his speech's content and viewpoint. He likewise challenges the constitutionality of Defendants' application of KCCD Board Policy 3050, a civility code that Defendants have invoked to punish speech. And Plaintiff challenges, facially and as-applied, California's adoption of an official ideology for its community college system, 5 Cal. Code Regs. tit. 5, §§ 51200 and 51201, which Defendants have invoked.

*The potentially related case*

In *Garrett, et al. v. Hine, et al.*, 1:21-cv-845-ADA-CDB, the aforementioned Professor Garrett and another Bakersfield College professor sued different Bakersfield College officials for allegedly retaliating against them based on their speech. While Plaintiff Johnson's suit involves pre-enforcement First Amendment claims and constitutional challenges to state laws, *Garrett* plaintiffs' claims sound in First Amendment retaliation, and do not challenge any state laws. *Garrett* plaintiffs complain that Defendants interfered with their teaching assignments, blocked public records requests, and failed to take necessary administrative action on their complaints. Unlike Johnson, the *Garrett* Plaintiffs sue their defendants in their individual as well as official capacities and seek compensatory and punitive damages. Johnson's lawsuit seeks no damages. *Garrett* plaintiffs have demanded a jury trial. Johnson has not.

1 Johnson's suit does make allegations concerning Garrett and cites Defendants' discipline

2 and termination of Garrett as a factor in chilling Johnson's speech. However, Garrett's termination

3 post-dates his lawsuit, and most of Johnson's factual allegations are not mentioned in, or relevant

4 to, the *Garrett* suit. Plaintiff Johnson also intends to seek immediate relief through a preliminary

5 injunction motion. The *Garrett* suit was filed two years ago and has not seen a preliminary

6 injunction motion. A second amended complaint and motion to dismiss are on file and the *Garrett*

7 parties have already engaged in one settlement conference.

8       *  *  *

9 In sum, although both actions are based on the First Amendment and have some relationship

10 to Professor Garrett, these suits do not share any of the parties, and the claims consist of different

11 elements that require separate factual and legal analysis. Assigning these suits to the same Judge

12 could very well lead to judicial inefficiency given the plaintiffs are all currently in dissimilar legal

13 positions and seek different relief based on their particular circumstances. Moreover, there is no risk

14 of inconsistent rulings because a decision on the *Garrett* plaintiffs' claims will not control the

15 Court's decision in this suit. Finally, the *Garrett* plaintiffs have already fully briefed, and are

16 preparing for a hearing on, the *Garrett* defendants' motion to dismiss. Relating the two cases will

17 potentially lead to unnecessary delay and loss of judicial efficiency in the *Garrett* suit.

18 Dated: June 2, 2023    Respectfully submitted,

19

20       By: /s/ Alan Gura
          Alan Gura (SBN 178221)

21           agura@ifs.org

22         Courtney Corbello (pro hac vice pending)
           ccorbello@ifs.org

23         INSTITUTE FOR FREE SPEECH

24         1150 Connecticut Avenue, N.W., Suite 801
         Washington, DC 20036

25         Phone: 202.967.0007
         Fax: 202.301.3399

26

27         Attorneys for Plaintiff Daymon Johnson

28